159 So. 603

### BUCKLEY v. THIBODAUX et al.

### No. 33157.

Feb. 4, 1935.

C. A. Blanchard, of Morgan City, for relators.

Ellender & Ellender, of Houma, for respondent.

O'NIELL, Chief Justice.

The plaintiff sued to establish the boundary line between his land and the lands of the defendants. Judgment was rendered in favor of the plaintiff. The defendants obtained an order for a devolutive appeal to the Court of Appeal for the First circuit, without giving an appeal bond; that is to say, in forma pauperis. The petition for the appeal was accompanied by affidavits (as required by section 2 of Act No. 156 of 1912) to the effect that the appellants were so poor that they were unable to pay the court costs or to give an appeal bond, or bond for costs. The petition for the appeal was filed on the last day previous to the day on which the year allowed by law for the taking of an appeal would have expired, and the order was granted on the day on which the petition was filed.

The plaintiff, appellee, filed a motion in the Court of Appeal to dismiss the appeal, on the ground that the defendants did not file their affidavits with their first pleading in the district court, as required by section 2 of Act No. 156 of 1912, p. 223. The Court of Appeal sustained the motion and dismissed the appeal. 156 So. 79. The defendants appellants, have brought the matter here on a writ of review.

It is true that the defendants did not file the affidavits (required by section 2 of Act No. 156 of 1912) with their first pleading in the district court. They filed first certain preliminary motions, and thereafter pleas of misjoinder of parties, and, these pleas being

overruled, they filed their answers to the suit. No suggestion was ever made, until the defendants filed their petition for an appeal from the final judgment, that they should be granted the right to defend the suit in forma pauperis.

### Opinion.

Section 1 of Act No. 156 of 1912, as amended by Act No. 260 of 1918, gives to every citizen of the state, and to every one who has been domiciled in the state for three years, the right to prosecute or defend or to intervene in any lawsuit in any of the courts of the state without paying court costs as they accrue, or giving a bond for costs, if he is too poor to pay the costs or to give a bond for costs. In the third paragraph of the same section of the statute it is declared that, where a person coming under the provisions of the statute has been granted the right to prosecute or to defend or to intervene in a lawsuit, he may take a devolutive appeal from the final judgment rendered in the case, without previously paying the court costs or giving a bond for costs, if the case is one in which he would be otherwise entitled to an appeal. The second section of the statute, before it was amended by Act No. 165 of 1934, declared that no one should have the privilege granted by the statute unless he filed with his petition if he was the plaintiff in the case, or with the first pleading that he filed if he was a defendant or an intervener, his affidavit declaring that because of his poverty he was unable to pay the court costs or to give a bond for costs, and an affidavit of a third person declaring that he knew the party litigant and knew his financial condition, and firmly believed that he was unable to pay the court costs or to give a bond for costs. This section, however, which originally required the affidavits to be filed with the litigant's first pleading, was amended by Act No. 165 of 1934, by inserting "or at any time during the pendency of the suit, whether on appeal or otherwise," etc. As amended, the statute provides further that, where a litigant has been able to pay, and has paid, the initial costs of the litigation, but has become unable to pay further costs as they may accrue, or to give a bond for such costs, he may yet file the affidavits, setting forth these facts, and be granted the right "to continue to litigate" without paying the costs as they accrue, and without giving a bond for costs. The statute allows any adverse party in the suit to traverse the affidavits, and provides that, if the affidavits are not true, the judge shall rescind his grant of the right to proceed in forma pauperis. The last paragraph of this section of the statute, as amended, declares: "The privilege herein granted shall apply to causes presently pending before the courts."

Under the act of 1934, amending section 2 of Act No. 156 of 1912, there is no doubt that a litigant now may at any stage of the suit obtain the right to proceed in forma pauperis by filing the affidavits required by the statute, and need not have filed the affidavits with his first pleading. The act of 1934 was adopted at the regular session of the Legislature which convened on the 14th of May and adjourned on the 12th of July, 1934. According to the provisions of section 27 of article 3 of the Constitution, the acts of 1934 went into effect at noon on the 20th day after the Legislature adjourned. The 20th day after the 12th day of July was Wednesday, the 1st

day of August, 1934. The record in this case was filed, in the Court of Appeal on the 9th day of January, 1934. The motion to dismiss the appeal was filed on the 15th day of March, 1934. The decree of the Court of Appeal, dismissing the appeal, was rendered and signed on the 30th day of June, 1934. A petition for a rehearing was filed on the 17th day of July, 1934, which was within the time allowed by law for the filing of a petition for a rehearing, and which was after the session of the Legislature of that year had adjourned, but before the acts of that session had gone into effect. If the petition for a rehearing had been acted upon and a rehearing denied before the 1st day of August, 1934, or before noon of that day, the appellants' case would have been thereby disposed of finally before Act No. 165 of 1934 went into effect. But the petition for a rehearing was not acted upon until the 3d day of October, 1934, on which day the Court of Appeal refused to grant a rehearing. The case, therefore, was actually pending on the petition for a rehearing, in the Court of Appeal, when the acts of 1934 went into effect. In the case entitled Succession of Wolfe, 180 La. 688, 157 So. 391, 392, which case was pending on appeal in this court when Act No. 165 of 1934 became effective, it was held that the appellant was entitled to the benefit of the act. In that case the petition of the appellant to be allowed to proceed in forma pauperis, and the affidavits required by section 2 of the act of 1912, were not filed in the district court until the judgment had been rendered on the merits of the case, and until the appellant had filed a motion for a new trial. This court, in deciding that the appellant should have the benefit of the act of 1934, said:

"It is true that Act No. 165 of 1934 did not become effective until approximately fifty days after appellant's petition in forma pauperis was filed in the district court, but, when it did become effective, this cause was pending on appeal, and the act contains the following specific provision:

" 'The privilege herein granted shall apply to causes presently pending before the courts.'

"Inasmuch as the provisions of the act apply to cases pending in the courts at the time of its passage, the petition in forma pauperis was filed in this suit timely."

Our conclusion, therefore, is that the right of the appellants in this case to prosecute their appeal in forma pauperis is protected by the provisions of Act No. 165 of 1934. The reason why the act, by its terms, was made applicable to suits pending in the courts when the act went into effect, is that the act is, only remedial legislation. In the case of Mrs. Martha E. Garlick v. Lucien W. Dalbey et al., 147 La. 18, 84 So. 441, where Mrs. Garlick had prosecuted her suit without showing that she was authorized by her husband to prosecute the suit or to stand in judgment, it was held that her appeal from the final judgment of the district court was protected by Act No. 94 of 1916, relieving married women of the necessity of being authorized by the husband to sue or to stand in judgment, notwithstanding the act was adopted after the judgment appealed from was rendered by the district court.

In the present case, the affidavits furnished by the appellants in support of their right to prosecute an appeal in forma pauperis did not set forth that they had been able to pay, and

had actually paid, the initial costs of the litigation, and that they had afterwards become unable to pay further costs or to furnish a bond for costs. An affidavit to that effect was not required by the statute until it was amended by the act of 1934, allowing the affidavits to be filed "at any time during the pendency of the suit." But the affidavits which the appellants furnished in this case did set forth that they were so poor that they could not pay the court costs, and that, by reason of their poverty, they were unable to give a bond for costs; hence it was a matter of no importance whether the alleged poverty occurred before or after the suit was brought against the appellants. The requirement, in the act of 1934, that a litigant who claims the right during the progress of the suit to proceed in forma pauperis must furnish affidavits to the effect that he "has actually paid the initial costs of the litigation," is not applicable to a defendant in a suit, because a defendant in a suit in any of the parishes outside of the parish of Orleans is not required to pay the court costs as they accrue, or as the suit progresses, or to furnish a bond for costs. Under Act No. 203 of 1898, § 5, p. 490, which act is not applicable to the parish of Orleans, the clerks of the district courts throughout the state may demand of the plaintiff in a suit a bond for court costs, at the time of the filing of the suit, and may demand additional security at any time thereafter, and may require the plaintiff to pay the accrued costs semiannually, on the 1st day of January and the 1st day of July, during the pendency of the suit. That act, of course, is not applicable to suits in which the plaintiff is granted the right to proceed in forma pauperis. By Act No. 111 of 1926, p. 170, the defendant in

a lawsuit, except in the parish of Orleans, and except in suits brought in forma pauperis or in suits brought by the state or by a political subdivision of the state, may demand of the plaintiff, or of an intervener or a third opponent, a bond to secure the payment of the costs. But, in the case of Whitson v. American Ice Co., 164 La. 283, 113 So. 849, it was held that the act had reference only to such costs as a defendant might have to incur during the progress of the suit, such as costs of taking depositions of witnesses, procuring expert testimony, audits, surveys, etc., and not to the ordinary court costs, which the clerk of court or the sheriff alone is concerned with, and which the defendant could not be compelled to pay or to be responsible for unless and until a final judgment therefor is rendered against him. These statutes do not require, nor does any other law require, that a defendant in a lawsuit shall be responsible for the court costs, unless it be by virtue of a judgment rendered against him in the suit.

The plaintiff and appellee, Buckley, directs our attention to the fact that section 2 of Act No. 156 of 1912 gives him the right to traverse the affidavits on which the right to proceed in forma pauperis was granted. This right to traverse such affidavits is retained in the act of 1934, amending section 2 of the act of 1912. The only way to reconcile that right with the right of an impoverished litigant to take a devolutive appeal from an adverse judgment as late as he sees fit within the time prescribed by law, and without giving an appeal bond, is to recognize the right of the appellee to apply to the appellate court to have the case remanded for the purpose of traversing the affidavits on which the right to

appeal in forma pauperis was granted, if sufficient time for the traverse was not allowed in the court which rendered the judgment. Hereafter, under the act of 1934, a motion to remand a case for that purpose ought to be deemed waived if not filed before the argument or submission of the case, and within the time allowed by article 890 of the Code of Practice for answering an appeal.

■ This case was argued and submitted on its merits in the Court of Appeal, when the motion to dismiss the appeal was submitted. The briefs filed in this court therefore contain a complete discussion of the case on its merits, to be considered only in the event that we reverse the judgment dismissing the appeal, and do not see fit to remand the case to the Court of Appeal for a decision of the case on its merits. But, inasmuch as the province of the Supreme Court in a case brought here from one of the Courts of Appeal on a writ of review is merely to reconsider the matter which was finally decided by the Court of Appeal, we have no alternative but to remand the case to the Court of Appeal for a decision of the merits of the case when that court has dismissed the appeal without deciding the merits of the case, and when we reverse the judgment of dismissal.

### Decree.

The judgment of the Court of Appeal, dismissing this appeal, is annulled, and the case is ordered remanded to the Court of Appeal for a decision of the case on its merits, reserving to the appellee, Charles W. Buckley, the right to file, within the first three days of the next session of the Court of Appeal in the parish in which this appeal was heard, to be

held after this decree has become final, a motion to have the case remanded to the district court for a traverse of the affidavits on which the order of appeal was obtained without the requirement of an appeal bond. The costs of this proceeding in the Supreme Court are to be borne by the respondent, Buckley. All other court costs are to abide the final disposition of the case.