O’NIELL, Chief Justice.
 

 The defendant obtained an order for a devolutive appeal from a judgment granting a preliminary injunction against him, after a hearing on a rule to show cause why the injunction should not be granted. The appellant promptly filed an appeal bond for the amount required by the order of appeal. In the order, which was granted on the 30th day of July, 1936, the appeal was made returnable to this court on the 22d day of September, 1936. The record was not filed in this court on the 22d day of September, but, on the 24th day of September, which was within the three days of grace allowed by law for the filing of a transcript of appeal, the appellant filed a motion in the district court for permission to prosecute his suit in forma pauperis, that is, without paying court costs, or giving a bond for costs, as allowed by Act No. 156 of 1912, as amended by Act No. 165 of 1934. The motion was accompanied by the affidavits required by the statute. The judge therefore signed the order, permitting the defendant, appellant, to proceed in forma pauperis. The appellant filed the transcript of appeal in this court on the 25th day of September, which was on the last day of the three days of grace, and which, therefore, was in time to save the right of appeal. But the appellant, availing himself of the permission which he had obtained to proceed in forma pauperis, did not make the deposit for costs, which would otherwise be required. The appellees, therefore, promptly filed a motion to have the case remanded to the civil district court in order that they might traverse the affidavits on which the appellant obtained permission to proceed in forma pauperis. A rule to show cause why the case should not be remanded was granted and served upon the defendant, appellant, nearly two months ago. He has not answered the rule. We assume that he acknowledges the right of the appellees to have the case remanded in order that they may traverse the affidavits on which the appellant was allowed to proceed in forma pauperis. In Buckley v. Thibodaux, 181 La. 416, 159 So. 603, it was held that since the act of 1934 has allowed a litigant to file his affidavits at any stage of the litigation, to be permitted to proceed in forma pauperis, and since the act of 1912 even yet allows an opposing party to the suit to traverse the affidavits, the opposing party may demand that the case be remanded for that purpose when the affidavits are filed so late that there is no opportunity to traverse them before the case reaches the appellate court.
 

 It is ordered that this case be remanded to the Civil District Court for the Parish of Orleans, Division B, in order that the appellees may traverse the affidavits on which the appellant was permitted to proceed in forma pauperis.