131 So.2d 571 (1961)
Thomas MALVEAUX et ux., Plaintiff-Applicant.
v.
George BULLER, Defendant-Opponent.
No. 365.
Court of Appeal of Louisiana, Third Circuit.
June 19, 1961.
*572 C. Kenneth Deshotel, Opelousas, for plaintiffs-applicants.
Felix A. DeJean, Jr., Leon Haas, Jr., Opelousas, for defendant-opponent.
EN BANC.
PER CURIAM.
The plaintiffs' suit was dismissed after trial, and the plaintiff perfected an appeal. Subsequent to preparation of the transcript, the plaintiffs by ex parte written motion, with affidavits of themselves and of a third person attached, prayed to continue the proceedings in forma pauperis in this court. See LSA-C.C.P. arts. 5181, 5183. The defendant has filed a brief in opposition to the plaintiffs' motion.
The affidavits show that the plaintiffs are unable to make further payments of costs in these proceedings as they accrue or to give further bond for costs. In addition, we are informed by the plaintiffs' attorney that, since the trial, the plaintiff husband has become unemployed, and the plaintiffs do not have sufficient income to pay the costs of this action, being also the parents of several minor children. We think that the plaintiffs are entitled to an order permitting them to prosecute this action without further payment of costs as they accrue or without giving bond therefor, without of course relieving themselves or the surety upon their present appeal bond from any liability for costs that have already accrued.
The LSA-Code of Civil Procedure, Article 5181 provides:
"A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding, other than an action for a divorce or for a separation from bed and board, in any trial or appellate court without paying the costs in advance or as they accrue, or furnishing security therefor.
"As used in this chapter, `person' means an individual who is a citizen of this state, or an alien domiciled therein for more than three years."
The provision permitting a party to obtain leave, even after perfection of appeal, to prosecute an action in forma pauperis was first enacted by Act 165 of 1934. See Buckley v. Thibodaux, 181 La. 416, 159 So. 603.
The defendant opposes the application to proceed in forma pauperis on the grounds that the record shows that, at the time of trial, the plaintiff was employed at a good salary. In the first place, the information supplied to us by the attorney for the plaintiffs indicates that, since the trial, the plaintiff has lost his job. Furthermore, the proper method of opposing a motion to proceed in forma pauperis is not by brief but by a contradictory traversal of the affidavits of poverty supplied in support of the motion to proceed in forma pauperis. LSA-C.C.P. Art. 5184; see also Brewer v. Thoele, 186 La. 168, 171 So. 839.
*573 The Supreme Court in Buckley v. Thibodaux, 181 La. 416, 159 So. 603, 605, immediately after the enactment confirmed the right to continue an appeal in forma pauperis even on appeal, where it was stated that in order to give effect to such statutory right, the courts must "recognize the right of the appellee to apply to the appellate court to have the case remanded for the purpose of traversing the affidavits on which the right to appeal [or continue the appeal] in forma pauperis was granted, * * *"
In accordance with the foregoing observations, an order permitting the plaintiffs to continue these proceedings in forma pauperis without the further payment of costs as they accrue, or without giving further bond for costs will be entered, without releasing the surety on the plaintiffs' present appeal bond from any liability for costs already accrued; reserving unto the defendants such rights as he may have or wish to assert to traverse the affidavits of poverty upon the basis of which the order was granted.