SAVOY, Judge.
This matter is before this Court on a motion filed by defendants-appellees to dismiss an appeal by plaintiff-appellant.
Plaintiff filed the suit in the district court in forma pauperis. After a hearing in the district court, the trial judge maintained a plea to the jurisdiction of the subject matter and exceptions of no right and no cause of action and dismissed plaintiff’s suit. Plaintiff moved for and was granted a devolutive appeal in forma pauperis on January 23, 1964. Defendants filed a motion to traverse the pauper’s oath on January 29, 1964, on the ground that appellant was not a pauper. The rule was made absolute on April 13, 1964. Plaintiff filed the devolutive appeal bond on April 28, 1964.
The motion to dismiss filed by defendants is based on the premise that said bond was not timely filed as prescribed under the provisions of LSA-C.C.P. Articles 2087 or 5124.
This Court is of the opinion that the motion to dismiss is without merit for under the provisions of LSA-C.C.P. Article 2088, when the trial judge granted the order of appeal in forma pauperis on January 23, 1964, he was divested of juris *743 diction; and the subsequent rule filed by appellees and signed by the trial judge, dated January 29, 1964, ordering plaintiff to show cause on February 6, 1964, why the order of January 23, 1964, should not be vacated, and the making of said rule absolute, was a nullity and without effect.
LSA-C.C.P. Article 2088 provides:
“The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132.”
None of the articles mentioned in the above Code of Civil Procedure article are applicable, particularly LSA-C.C.P. Article 5124; nor is LSA-C.C.P. Article 2087 applicable in the instant case.
See Lewis v. Federal Land Bank of New Orleans, 183 La. 724, 164 So. 780; and Picou v. J. B. Luke’s Sons, (La.App., 1 Cir., 1942), 11 So.2d 38, affirmed at 204 La. 881, 16 So.2d 466.
The fact that plaintiff subsequently furnished a bond after the rule of January 29, 1964, was made absolute, in our opinion, does not change the circumstances of the case, for the furnishing of said bond could not revive an act which was null and void, and did not amount to a waiver of plaintiff’s rights granted to him by law.
The Supreme Court of Louisiana has held that, once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for such purpose. Brewer v. Thoele, 186 La. 168, 171 So. 839; Buckley v. Thibodaux, 181 La. 416, 159 So. 603; cf., Malveaux v. Buller, (La.App., 3 Cir., 1961), 131 So.2d 571.
For the reasons assigned, the motion to dismiss is denied.
Motion to dismiss denied.