272 So.2d 798 (1973)
Leroy J. DARBY, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY and Grayco Marine Corporation, Defendants-Appellees.
No. 4154.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
W. D. Atkins, Jr., Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by E. Neal Harmon, Lafayette, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.

ON MOTION TO REMAND
HOOD, Judge.
The defendants-appellees have filed a motion to remand this suit to the trial court to enable them to traverse the order of the district judge allowing plaintiff-appellant, Leroy J. Darby, to proceed with his appeal in forma pauperis.
The motion and the documents attached to it show that an order was issued by the district judge on June 3, 1968, authorizing plaintiff to prosecute this suit in forma pauperis. A final judgment was rendered on October 30, 1972. Plaintiff Darby was granted a devolutive appeal from that judgment *799 by order of the trial court issued on November 13, 1972, which order stipulated that the appeal was granted "without the necessity of pre-payment of costs or furnishing bond therefor."
The record has not been lodged in this court. The defendants-appellees, however, have filed a motion to remand the case for the purpose of allowing them "to file a rule to traverse the said Leroy J. Darby's right to appeal this matter in forma pauperis." The matter is before us now on that motion to remand.
LSA-C.C.P. art. 5185 provides that when an order of court permits a party to litigate without the payment of costs, he is entitled, among other things, to "the right to a devolutive appeal." In the instant suit, the order issued by the trial court on June 3, 1968, entitled plaintiff to the right to a devolutive appeal without the necessity of pre-payment of the costs or furnishing bond therefor.
In Oldham v. Hoover, 140 So.2d 417 (La. App. 1 Cir. 1962), the court said:
"Our courts have held that where a devolutive appeal is taken in forma pauperis without allowing the appellee sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefor, remand the cause to give the appellee the opportunity to do so. See Brewer v. Theole, 186 La. 168, 171 So. 839; Buckley v. Thibodaux, 181 La. 416, 159 So. 603." (Emphasis added).
In Ross v. Hatchette, 247 So.2d 399 (La. App. 3 Cir. 1971), we refused to remand the case to enable the defendants-appellees to traverse plaintiff's right to proceed in forma pauperis, because we felt that defendants had had an adequate opportunity to traverse in the trial court.
The Fourth Circuit Court of Appeal also denied defendant-appellee's motion to remand in McKellar v. Mason, 154 So.2d 237 (La.App. 4 Cir. 1965). The court said:
"Defendant-appellee Mason had from July 13, 1962, on which date the order was rendered authorizing plaintiff to prosecute the suit without prior payment of costs, up to April 4, 1963, the date on which the order of appeal was granted (a period of nine months) to traverse plaintiff's right to litigate as a pauper, but failed to avail himself of the opportunity.
"Even if Mason had no inkling before February 7, 1963, that plaintiff did not come within the terms and intent of LSA-C.C.P. art. 5181, he still had from that date to April 4, 1963 (about sixty days) to traverse plaintiff's affidavits; therefore, we do not feel there is justification for granting an order to remand at this late date."
The motion and documents which have been presented in this case indicate that defendants could have traversed plaintiff's right to prosecute the suit in forma pauperis while the case was pending in the district court, from June 3, 1968, when the order authorizing plaintiff to do so was signed, until November 13, 1972, when the appeal was taken, a period of more than four years. The movers have not alleged any facts tending to show that they were prevented from traversing, or that they did not have sufficient time to traverse, in the trial court. We believe it would be inequitable to remand the case to the trial court to allow defendants to traverse at this late date in view of the length of time they have had to traverse.
For the reasons assigned, the motion to remand is denied.
Motion denied.