ON MOTION TO REMAND
FRUGÉ, Judge.
Plaintiff-appellee, J. Minos Simon, has filed a motion to remand this suit to the trial court to enable him to traverse the order allowing defendant-appellant, Mary Cobb Calvert, to proceed with her appeal in forma pauperis. The motion is opposed.
A final judgment was rendered in this matter on February 27, 1973. Defendant-appellant, Mary Cobb Calvert, filed a Motion for a New Trial, which motion was tried and overruled by the trial court on March 12, 1973. At the end of the trial of defendant-appellant’s Motion for a New Trial, defendant-appellant moved' for, in open court, and was granted a devolutive appeal to this court. As we appreciate the record, defendant-appellant later the same day, March 12, 1973, presented to the trial judge an ex parte order which requested that defendant-appellant be allowed to proceed with her appeal in forma pauperis, which order was signed by the trial judge that same day.
Defendant-appellant opposes plaintiff-ap-pellee’s Motion to Remand on the grounds that defendant-appellant has waited an inexcusable and excessive length of time in which to oppose defendant-appellant’s right to proceed in forma pauperis. Defendant-appellant points out that her order to proceed in forma pauperis was signed on March 12, 1973, and that plaintiff-appellee did not attempt to traverse this order until October 17, 1973, more than seven months after the pauper order had been issued.
We reject defendant-appellant’s contention that plaintiff-appellee’s Motion to Remand was filed too late. Once the trial court signed defendant-appellant’s order to proceed in forma pauperis, this dispensed with the requirement that defendant-appellant file an appeal bond and the jurisdiction of the trial court was thereby divested. LSA-C.C.P. Art. 2088. The transcript in this case was not filed in this court until October 15, 1973. The plain *657 tiff-appellee’s Motion to Remand was filed two days later.
In Oldham v. Hoover, 140 So.2d 417 (La.App. 1st Cir. 1962), the court said:
“Our courts have held that where a devolutive appeal is taken in forma pau-peris without allowing the appellee- sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefor, remand the cause to give the appellee the opportunity to do so. See Brewer v. Thoele, 186 La. 168, 171 So. 839; Buckley v. Thibodaux, 181 La. 416, 159 So. 603.” (Emphasis added).
This case is remanded to the trial court to allow plaintiff-appellee to traverse the right of defendant-appellant to proceed in forma pauperis, and for the trial court to rule on that issue.
Remanded.