BAILES, Judge Pro Tern.
This motion to remand calls into question the right of the appellees herein to traverse the facts alleged in the affidavits of poverty filed with appellant’s petition seeking the trial court’s permission to prosecute this appeal in forma pauperis.
*728 After the judgment of the trial court became final and within the delays for a de-volutive appeal, appellant petitioned the court for an order of appeal and in her petition alleged that because of her poverty and lack of means she was unable to pay the costs of court or to furnish security therefor. She prayed that she be permitted to prosecute this appeal in forma pau-peris. Affidavits of both appellant and a third party attest to the alleged fact of appellant’s financial impoverishment. The trial court granted appellant the relief she sought.
LSA-C.C.P. Article S184 provides:
“An adverse party may traverse the facts alleged in the affdavits of poverty, and the right to the applicant to exercise the privilege granted in this chapter, by a rule against him to show cause why the order of court permitting him to litigate, or to continue the litigation, without paying the costs in advance, or as they accrue, or furnishing security therefor, should not be rescinded.
“The court shall rescind its order if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise the privilege granted in this Chapter.”
In resisting appellees’ effort to obtain a remand of this case, appellant urges us that we are required to assume that when a trial judge permits an appellant to appeal in forma pauperis that the trial court is convinced of appellant’s entitlement thereto. Further, appellant argues that in the trial court’s reasons for judgment it took into account her “limited financial ability” in fixing the amount of the judgment it rendered against her. We are not persuaded by this argument.
This identical issue of appellees' right to traverse the affidavits of alleged poverty of an appellant has been before the courts of this State on prior occasions.
The holding of the court in Creel v. Creel, 201 So.2d 871 (La.App.1967), is apropos to the issue raised by appellees’ motion to remand. Therein the court said:
“Defendant’s * * * contention, that he should not be deprived of his right to traverse the facts alleged in the affidavits of poverty, is well founded. Permission to litigate in forma pauperis is obtained by means of an ex parte order, the adverse party may traverse the facts alleged in the affidavits of poverty, and the original order permitting litigation in forma pauperis remains in effect unless rescinded by the court after a trial of the rule to traverse. LSA-C.C.P. Arts. 5183 and 5184. In any event the adverse party has the right to traverse and, as evidence must be taken in connection therewith, trial of a rule to traverse can be held only on the trial court level. Accordingly, we will reserve to defendant the right to file in this court a motion to have the case remanded to the district court for a traverse of the affidavits. * *
Another case in point is that of Babineaux v. Southeastern Drilling Corp., 166 So.2d 742 (La.App.1964) which recognized the right of an appellee to traverse affidavits of poverty, and for a remand of the case to the trial court for that purpose. The court stated:
“The Supreme Court of Louisiana has held, once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for such purpose.”
Also see the cases of Buckley v. Thibodaux, 181 La. 416, 159 So. 603 (1935), and Brewer v. Thoele, 186 La. 168, 171 So. 839 (1937).
As the appellees had no notice of appellant’s petition for permission to appeal in forma pauperis or the order of the trial court permitting the same, appellees are entitled to the remand herein sought.
For the foregoing reasons, this case is remanded to the trial court to permit ap- *729 pellees to file a rule to traverse within ten days after the mailing of a notice to their attorney of record of the receipt of this suit record by the trial court, the facts alleged in the affidavits of poverty filed in appellant’s application to appeal in forma pauperis, in accordance with the provisions of LSA-C.C.P. Article 5184. In the event the trial court should rule that defendant-appellant was not entitled to proceed in forma pauperis, the defendant, having already timely appealed, shall have the right to again move for an appeal. The delays for such application shall begin to run from the date the judgment on the rule to traverse becomes final. Court costs incurred in this motion are assessed against the appellant.
Motion granted.