ELLIS, Judge.
These consolidated damage suits are for injuries suffered by James Fisher and his wrongful death arising therefrom, resulting from an industrial accident. Among the defendants are Albany Machine & Supply Company, Hartford Insurance Group, its insurer, and Nichols Construction Company. In the final judgment herein, Albany and Hartford were cast in judgment and plaintiffs’ suits as to Nichols were dismissed. Albany and Hartford perfected a suspensive appeal from the judgment against them. On June 14, 1973, plaintiffs appealed from the judgment dismissing Nichols.
These cases have been prosecuted in forma pauperis by plaintiffs, and their appeals were granted in forma pauperis. After the final judgment was signed, it is alleged by Nichols that plaintiffs settled with certain other defendants, receiving some $75,000.00. The record reveals that a judgment of dismissal was signed as to these defendants on September 4, 1973. Nichols alleges that it learned of the settlement in November, 1973, and attempted to file a motion to traverse the right of plaintiffs to proceed further in forma pauperis, but was not permitted to file it because the record was not yet lodged in this court. The motion was accepted for filing on July 24, 1974, two days before the record was lodged.
Since the jurisdiction of the trial court was divested in June, 1973, when plaintiffs appealed, Nichols has not had the opportunity to traverse in the trial court after the settlements by plaintiffs with the now dismissed defendants. Apparently, there was no question as to plaintiffs’ want of means prior to that time.
Since Nichols is entitled to an opportunity to traverse, in the light of plaintiffs’ changed financial circumstances, and since its motion to do so has been timely filed, we will remand the case to the trial court for a hearing as to that issue. See Article 5184, Code of Civil Procedure; Buckley v. Thibodaux, 181 La. 416, 159 So. 603 (1935).
Albany and Hartford have filed a motion in this court for a reduction in the amount of the suspensive appeal bond filed by them, alleging that, by virtue of the settlement with the now dismissed defendants, their liability under the judgment has been reduced by half. Since evidence must be introduced on this point, we will remand the case to the trial court for a hearing on the motion to reduce, and for appropriate action on its part in the light of its findings of fact.
These cases are hereby remanded to the trial court for hearings as directed.
Remanded.