ON MOTION TO REMAND
FRUGÉ, Judge.
The defendant-appellee, Nicklos Oil & Gas Company, moves to remand this suit to the trial court to enable it to traverse the order of the district judge allowing the plaintiff-appellant, Roy Donald Guillory, to proceed with his appeal in forma pauperis. The Motion is opposed.
The pertinent facts, as necessary for a decision in this matter, are as follows: On October 9, 1973, the plaintiff-appellant, Roy Donald Guillory, filed a tort action in forma pauperis against Nicklos Oil & Gas Company, the defendant-appellee herein, and John A. Young, Kirby R. Simmons, Gordon E. Nicholas, T. M. Cunningham and Argonaut Southwest Insurance Company. In his petition the plaintiff-appellant alleged various acts of negligence on the part of certain employees of the defendant-appellee Nicklos Oil & Gas Company, and sought to hold Nicklos Oil & Gas Company liable for these alleged acts and omissions of its employees. The defendant-appellee, Nicklos Oil & Gas Company, filed an Exception of No Cause of Action, based on the grounds that plaintiff sole and exclusive remedy against Nicklos Oil & Gas Company was under the Louisiana Workmen’s Compensation Act, and that, therefore, plaintiff-appellant had no cause of action against the defendant-ap-pellee in tort.
On April 3, 1975 judgment was rendered sustaining the defendant-appellee’s Exception of No Cause of Action, and on April *915 8, 1975 plaintiff-appellant moved for, and was granted, an appeal in forma pauperis to this court, which appeal was made returnable on May 10, 1975. On April 17, 1975 the appellate transcript was lodged with this court, and on May 23, 1975 the defendant-appellee timely filed the present Motion to Remand.
LSA-C.C.P. art. 5185 provides that when an order of court permits a party to litigate without the payment of costs, he is entitled, among other things, to “the right to a devolutive appeal.” In the instant suit, the order issued by the trial court on October 9, 1973 entitled plaintiff to the right to a devolutive appeal without the necessity of pre-payment of the costs or furnishing bond therefor.
In Oldham v. Hoover, 140 So.2d 417 (La.App. 1 Cir. 1962), the court said:
“Our courts have held that where a devolutive appeal is taken in forma pau-peris without allowing the appellee sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefor, remand the cause to give the appellee the opportunity to do so. See Brewer v. Thoele, 186 La. 168, 171 So. 839; Buckley v. Thibodaux, 181 La. 416, 159 So. 603.” (Emphasis added).
In Darby v. Travelers Ins. Co., 272 So.2d 798 (La.App. 3 Cir. 1973) and in Ross v. Hatchette, 247 So.2d 399 (La.App. 3 Cir. 1971) we refused to remand the case to enable the defendants to traverse plaintiffs right to proceed in forma pauperis, because we felt that defendants had had an adequate opportunity to traverse in the trial court.
The Fourth Circuit Court of Appeal also denied defendant-appellee’s motion to remand in McKellar v. Mason, 154 So.2d 237 (La.App. 4 Cir. 1965), wherein that court said:
“Defendant-appellee Mason had from July 13, 1962, on which date the order was rendered authorizing plaintiff to prosecute the suit without prior payment of costs, up to April 4, 1963, the date on which the order of appeal was granted (a period of nine months) to traverse plaintiff’s right to litigate as a pauper, but failed to avail himself of the opportunity.

“Even if Mason had no inkling before February 7, 1963, that plaintiff did not come within the terms and intent of LSA-C.C.P. art. 5181, he still had from that date to April 4, 1963 (about sixty days) to traverse plaintiff’s affidavits; therefore, we do not feel there is justification for granting an order to remand at this late date.”
The record in this case indicates that the defendant could have traversed plaintiff’s right to prosecute the suit in forma pau-peris while the case was pending in the district court, from October 9, 1973, when the order authorizing plaintiff to do so was signed, until April 8, 1975, when the appeal was taken, a period of some 18 months. The defendant-appellee has not alleged any facts tending to show that they were prevented from traversing or that they did not have sufficient time to traverse, in the trial court, nor have they shown or indicated that there has been any change in the plaintiff’s financial circumstances since trial which would now deny him his right to proceed in this matter in forma pauperis.
For the reasons assigned, the motion to remand is denied.
Motion denied.