MOTION TO REMAND
DOMENGEAUX, Judge.
The defendant-appellee, St. Paul Fire and Marine Insurance Company, moves to remand this suit to the trial court to enable it to traverse the right of the plaintiff-appellant, Mrs. Levy Hanks, to proceed with her appeal in forma pauperis. The motion is opposed. We remand.
The record of this appeal has not as yet been lodged with this court.
This is a suit for malpractice filed by the plaintiff in forma pauperis. The case was tried before a jury, which rendered a verdict in favor of the defendant, and on May 17, 1977, a formal judgment was read and signed in accord with the jury’s verdict. On June 9, 1977 the plaintiff timely moved for and was granted a devolutive appeal to this court, returnable August 8, 1977. The Order of Appeal was silent as to a bond.
The defendant has timely moved in this court to remand the appeal in order that it might traverse the right of the plaintiff to proceed with her appeal in forma pauperis. The defendant alleges that shortly before the trial of this matter the plaintiff entered into a compromise agreement with several co-defendants, from which agreement she has received a substantial sum of money, and hence is no longer a pauper.
The record does not show the date of the compromise agreement, but it does show that the trial judge signed an order May 25, 1977 dismissing, with prejudice, the plaintiff’s suit against these defendants.
LSA-C.C.P. Art. 5185 provides that when an order of court permits a party to litigate without the payment of costs, he is entitled, among other things, to “the right to a de-volutive appeal.” In the instant suit, the order issued by the trial court enabling the plaintiff to file her suit in forma pauperis, entitled plaintiff to the right to a devolu-tive appeal without the necessity of prepayment of the costs of furnishing bond therefor.
In Oldham v. Hoover, 140 So.2d 417 (La.App. 1st Cir. 1962), the Court said:
“Our courts have held that where a devolutive appeal is taken in forma pau-peris without allowing the appellee sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefore, remand the cause to give the appellee the opportunity to do so. See Brewer v. Thoele, 186 La. 168, 171 So. 839; Buckley v. Thibodaux, 181 La. 416, 159 So. 603.” (Emphasis added).
In Darby v. Travelers Insurance Company, 272 So.2d 798 (La.App. 3rd Cir. 1973), we refused to remand the case to enable the defendants-appellees to traverse plaintiff’s right to proceed in forma pauperis, because we felt that defendants had had an adequate opportunity to traverse in the trial court. See also Ross v. Hatchette, 247 So.2d 399 (La.App. 3rd Cir. 1971).
Under the facts of this case, we do not believe that the defendant has had a fair opportunity to traverse in the district court, and hence, we remand this appeal to the lower court for that purpose.
APPEAL REMANDED.