MOTION TO REMAND
STOKER, Judge.
The defendants-appellees, Emerson Electric Company and W.W. Grainger, Inc., move to remand this suit to the trial court to enable them to traverse the right of plaintiffs-appellants, Richard Romero, Jr. and Tammy Romero, to proceed with their appeal in forma pauperis. We deny the motion.
On November 6, 1986 the trial court granted an order allowing the plaintiffs to proceed in forma pauperis. The defendants did not traverse the plaintiffs’ motion to proceed in forma pauperis allegedly because plaintiffs were unemployed at that time.
Trial on the merits occurred in the latter part of May. A final judgment was rendered on June 2, 1989. An order of appeal was entered on July 17, 1989 allowing plaintiffs to proceed in forma pauperis on appeal. On September 22, 1989 defendants filed the motion to remand with the Court of Appeal alleging that at the trial on the merits evidence was adduced that plaintiffs were presently employed. In Ainsworth v. State Farm Mutual Automobile Insurance Company, 389 So.2d 1376 (La.App. 3 Cir.1980) this court set out the law applicable to remands in this situation as follows:
The jurisprudence is well settled that where a devolutive appeal had been taken in forma pauperis without allowing the appellee sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefor, remand the cause to give the appellee the opportunity to do so. Oldham v. Hoover, 140 So.2d 417 (La. App. 1st Cir.1962).
In the present case the appellees had sufficient time in which to traverse the plaintiffs’ affidavits of poverty. The appel-lees have known of the fact of plaintiffs’ employment since the last week in May, 1989. The plaintiffs were granted pauper status during that time. The order of appeal was not signed until July 17, 1989.
For this reason, the movers are not entitled to have this matter remanded.
MOTION DENIED.