WILLIAMS, Judge,
dissenting with reasons.
Because the record is devoid of any evidence to show that the slide from which Chianni fell was unsuitable or unsafe for four year olds or that the supervision provided by defendant fell below the standard of care required by nursery school providers, I dissent from the majority’s holding that defendant is liable.
To begin with, the trial court’s reasons for judgment clearly indicate that liability was based largely on a finding that the slide from which Chianni fell was unsuitable or unsafe for use by four year olds, and not upon defendant’s lack of supervision as the majority states. The trial court stated:
The Court’s been provided with no evidence as to whether that equipment [i.e., the sliding board] carried any literature with reference to the suitability for any particular age group, so the Court is not convinced that the equipment was safe for a child of 4 years of age given the dimensions and other particulars of this particular slide. [Emphasis added.]
Flying in the face of a principle of law so basic as that requiring a plaintiff to prove every element of its case, the trial court apparently began with the presumption that the slide was not safe for use by four year olds and erroneously placed upon the defendants the burden of proving otherwise.
As to adequacy of the supervision rendered by defendant, the trial court did not indicate that this was a basis for liability, but simply stated:
The evidence did not establish any particular guidelines with regard to supervision of children on this play yard, whether a teacher was required, for instance to stand at the steps as the children climbed the steps, [sic] there’s been no testimony that the [sic] Ms. Wharton was required to stand by the side of slide [sic] as the children descended, [sic] in fact, the record is void of any instructions whatsoever with regard to how this situation should be handled when the play ground equipment was in use. [Emphasis added.]
The court then noted that Ms. Wharton was sitting about sixteen feet from the slide when Chianni fell and was unable to reach the child before she was injured. The remainder of the trial court’s reasons focus on the injury itself.
Thus, it appears that liability was based on the finding that the slide was not suitable for use by four year olds. If, in fact, liability was based upon lack of supervision as the majority states, then we can only conclude from the language of the trial court that liability was grounded on the unfounded assumption that defendant allowed Chianni to use a slide which was unsuitable for use by four year olds.
In fact, however, the record is without the slightest evidence that the slide was unsafe or unsuitable for use by four year olds. The trial court stated it was not convinced that the slide was safe for four year olds “given the dimensions and other particulars of this particular slide.” Yet, the record is Vacant of any evidence showing the dimensions or any particulars of either slide. Plaintiffs introduced into evidence a page from a booklet which pictured a slide comparable to the smaller slide, which Chianni was not using at the time of the accident and the dimensions of which are unknown, as part of a multi-use swing and play combination set. In addition to the small slide, the set included two tire swings, two belt swings, a swinging bridge, and a fireman’s pole. The recommended age for the play set was three to *508 eight years old, a fact which by itself is immaterial and from which we cannot infer that the larger slide alone was unsafe or unsuitable for four year olds. Furthermore, neither the testimony nor evidence established that the larger slide was “several feet” taller than the smaller slide, as the majority states. Ms. Doughty, then owner of the Children’s Workshop, testified that the platform of the larger slide was a “few” feet higher than that of the smaller slide, and it appears from photographs introduced into evidence that the larger slide was approximately only three steps higher than the smaller slide. I note that it is apparent from the photographs that the slide from which Chianni fell was not by any calculation an inordinately high sliding board, and in fact, was not unlike those used by children of all ages on many area playgrounds. As there is absolutely no evidence in the record from which a trier of fact could reasonably conclude that the slide from which Chianni fell was unsafe or unsuitable for four year olds, this finding of the trial court was clearly wrong.
Next, while correct in its statement of the duty of care owed by defendant in this case, the majority fails to apply the reasonableness standard it so aptly sets forth.
While charged with the highest degree of care toward children placed in their custody, supervisors at day care nurseries are not the absolute insurers of the children’s safety and cannot be required to prevent them from falling during normal childhood play. Comeaux v. Commercial Union Insurance Co., 269 So.2d 500, 501 (La.App. 4th Cir.1972); Drueding v. St. Paul Fire & Marine Insurance Co., 482 So.2d 83, 86 (La.App. 4th Cir.1986); Oldham v. Hoover, 140 So.2d 417, 421 (La.App. 1st Cir.1962). The supervising persons must follow a reasonable standard of care commensurate with the age of the children under the attendant circumstances.[1] Drueding v. St. Paul Fire & Marine Insurance Co., 482 So.2d at 86.
The record establishes that Ms. Wharton, who was seventeen years old at the time of the accident, was experienced in supervising children. She had worked at the Children’s Workshop since she was twelve, had largely assumed the responsibility for her younger sibling after her mother’s untimely death, and was experienced in babysitting. Although Ms. Wharton did not have formal training in child supervision and was not licensed in child care, there was absolutely no showing made that her actions fell below the standard required by those who are licensed in child care.
At the time of the accident, Chianni was adequately furnished with one-on-one supervision, see Oldham v. Hoover, 140 So.2d at 421, and in fact, Ms. Wharton witnessed the fall from just sixteen feet away. Chi-anni had used the slide numerous times in the past without incident, and there was no evidence presented to show that the circumstances on the day of the accident necessitated a heightened degree of care in supervising her play. The majority’s finding that Chianni was climbing the steps of the slide backwards “in a fashion that apparently was not normal” was not a finding of the trial court and is not substantiated by credible evidence in the record. The only evidence in this regard adduced at trial was the testimony of Ms. Wharton, the only eye witness to the accident:
Q: Explain to us how Chianne [sic] fell.
A: She was walking up this way, straight up, and she fell over that side of it.
Q: So she was walking up the slide backwards or up the steps?
A: No, up the steps.
Q: In the back?
A: In the back.
Q: And she fell down?
A: Yes, she fell over this little edge.
This testimony does not establish that Chi-anni was using the slide in an improper manner.
Under the circumstances, Ms. Wharton could not reasonably be expected or re *509 quired to stand at four year old Chianni’s side as she played on the sliding board. In holding otherwise, the majority discards the standard of reasonableness and imposes one approaching absolute liability. While day care providers certainly owe the children in their custody a very high degree of care, they should not be held liable in the absence of any evidence showing that they fell below this standard. The majority sets an unfortunate precedent with the imposition of such an onerous burden. As a result, day care providers might now be forced to discontinue their services which are so vital in our society of working women and mothers who desire responsible care for their children.
Finally, the majority states in footnote 2 that the day care center in Drueding v. St. Paul Fire & Marine Insurance Co., supra, was liable, although the facts of that ease were “less egregious than the instant case.” However, the plaintiff in Drueding introduced testimony to support the conclusion that the defendant day care center was negligent in permitting the children to engage in frisbee throwing in such a confined area as was available there. Unlike Drueding, plaintiff in the instant case presented no evidence to show that the actions of defendant in supervising Chianni fell below the required standard of care under the circumstances.
For the foregoing reasons, I respectfully dissent.

. The trial court misapplied this standard when it stated:
Of course, we’re not perfect human beings and accidents happen, and it’s incumbent upon owners of businesses to provide for that eventuality. The problem in this instance is the seriousness of this injury. [Emphasis added.]