SAMUEL, Judge.
This is a motion filed in this court by the plaintiff-appellant for leave to continue her appeal in forma pauperis. The motion alleges :
On May 30, 1964 plaintiff obtained a judgment of divorce from the defendant which judgment awarded plaintiff alimony at the rate of $100 per month. On October 15, 1966, she filed a rule to show cause against the defendant alleging failure to pay alimony when due and praying: (1) for a judgment in the amount of the accrued arrearage; (2) for an increase in future alimony; and (3) that defendant be held in contempt for the nonpayment. After a hearing on the rule there was judgment awarding plaintiff the sum of $1,400 for past due alimony and denying the remainder of her prayer. Plaintiff appealed from the judgment only insofar as it did not hold defendant in contempt and denied the prayer for an increase. In due course she filed her appeal bond, which had been fixed at the sum of $300, and paid the $25 filing fee in this court.
The motion also alleges that plaintiff is now in necessitous circumstances, confined to a hospital and unable to pay the costs of the Clerk of the District Court in connection with the lodging of the record in this court or to pay for the preparation of the transcript and that the defendant has paid only $300 on the judgment, which amount has been applied to her outstanding and presently increasing medical and hospital bills.
The allegations contained in the motion are supported by the affidavits of plaintiff and two third persons. Defendant has filed a memorandum in opposition to the motion contending: (1) forma pauperis is not available'in a separation or divorce action; and, alternatively, (2) defendant should not be deprived of his right to traverse the facts alleged in the affidavits H: poverty.
Under LSA-C.C.P. Art. 5181, which permits a person, unable to pay the costs of court because of his poverty or lack of means, to prosecute or defend a judicial proceeding “ * * * in any trial or appellate court * * * ” in forma pauperis, and under LSA-C.C.P. Art. 2088, under which the jurisdiction of the trial court over the matter now before us was divested and that of this court attached upon the timely filing of the appeal bond, the motion is properly before us. Malveaux v. Buller, La.App., 131 So.2d 571. And from our examination of the only evidence now before us, the motion, affidavits and a memorandum filed by plaintiff and the opposition memorandum filed by defendant, we are satisfied that plaintiff is unable to pay the presently outstanding and possible future costs of this litigation because of her poverty and lack of means.
Defendant’s first contention, that forma pauperis is not available in a separation or divorce action, is inapplicable. As amended in 1964, LSA-C.C.P. Art. 5181, reads as follows:
“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
*873 “As used in this chapter: ‘judicial proceeding’ includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board; and ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for more than three years.” (Emphasis ours).
Under the specific wording of the article the only actions excluded from the privilege of litigating in forma pauperis are those for a divorce or for a separation from bed and board. The present action is neither; it is an action only for past due alimony, contempt and an increase in future alimony. We conclude that plaintiff is entitled to the privilege of proceeding herein without further payment of costs and without giving further bond for costs.
Defendant’s second and alternative contention, that he should not be deprived of his right to traverse the facts alleged in the affidavits of poverty, is well founded. Permission to litigate in forma pauperis is obtained by means of an ex parte order, the adverse party may traverse the facts alleged in the affidavits of poverty, and the original order permitting litigation in forma pauperis remains in effect unless rescinded by the court after a trial of the rule to traverse. LSA-C.C.P. Arts. 5183 and 5184. In any event the adverse party has the right to traverse and, as evidence must be taken in connection therewith, trial of a rule to traverse can be held only on the trial court level. Accordingly, we will reserve to defendant the right to file in this court a motion to have the case remanded to the district court for a traverse of the affidavits. Buckley v. Thibodaux, 181 La. 416, 159 So. 603.
For the reasons assigned, it is ordered that the plaintiff-appellant be and she is permitted to continue these proceedings in forma pauperis without further payment of costs and without giving further bond for costs, particularly without payment of any presently unpaid costs of the Clerk of the Twenty-ninth Judicial District Court and of any costs resulting from the preparation of the transcript in this matter, without releasing the surety on said appellant’s present appeal bond from any liability for costs already accrued and reserving to the defendant-appellee the right to ■ file in this court, within fifteen days of the date of this opinion and decree, a motion to have this case remanded to the district court for a traverse of the affidavits of poverty on which our order permitting procedure in forma pauperis is based.
Motion granted.