STOULIG, Judge.
We dismiss this appeal because appellant permitted an extended return date to pass without paying costs of the transcript or the filing fee for this appeal as required by C.C.P. art. 2126. Appellant argues he was relieved of the obligation to pay these charges by obtaining an order signed by the judge of the district court permitting him to proceed in forma pauperis.
The procedural chronology pertinent to the issue before us in as follows:
February 12, 1976 - Judgment rendered.
March 12, 1976 - Defendant appeals and furnishes appeal bond.
April 5, 1976 - Appellant files motion to proceed in forma pauperis in
trial court and obtains order to this effect.
April 12, 1976 - Deputy clerk of the 24th Judicial District Court obtains a 60-day extension of return date because transcript incomplete.
June 14, 1976 - Appellee files motion to dismiss in this court.
At the time the trial judge signed the order permitting appellant to proceed without the payment of costs, the appeal bond had been filed and under C.C.P. art. 2088 the trial court was divested of all jurisdiction in the matter except for certain incidental proceedings and orders specifically enumerated. The granting of the right to proceed in forma pauperis is not one of the orders authorized under the exceptions listed in Article 2088. Had the order been issued by this court, appellant’s contention would have been procedurally well founded and sustainable in law. Creel v. Creel, 201 So.2d 871 (La.App. 4th Cir., 1967).
For the foregoing reasons we are of the opinion that the forma pauperis order procured in this case is invalid and accordingly we dismiss this appeal.

APPEAL DISMISSED.