REDMANN, Judge.
Defendant-appellant, after posting a $750 cash appeal bond, filed a rule in this court to obtain some relief from a $652.50 transcript cost which he says he is unable to pay. His rule raises the issue of “jurisdiction,” La.C.C.P. 2088, of trial and appellate courts after the appeal bond is filed. Concluding that jurisdiction lies with the trial court, we dismiss.
Appellant seeks to reduce his bond to $200, freeing $550 towards payment of transcript. Appellant has need for some protection: it has been held that the clerk has no authority to apply the cash bond to cost payment, and that the deposit of even ample cash as security for appeal costs does not relieve appellant of paying those costs prior to return day, under penalty of dismissal of the appeal; Case v. Case, La.App. 2 Cir. 1975, 316 So.2d 418 ($750 cash security for costs, $291 transcript and filing costs, appeal dismissed). The first problem, however, is whether this court can entertain appellant’s rule.
C.C.P. 2088, as amended by Acts 1964 No. 4 (and Acts 1968 No. 128) provides “[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond . . .” (Emphasis added.) The further language of Art. 2088 is confusing in that it again denies jurisdiction in the trial court “over these [reviewable] matters *949 except” for eight specified matters, none of which is reviewable under the appeal anyway, so that none is actually an exception to the general rule as worded since the 1964 amendment.
Prior to that amendment art. 2088 read “[t]he jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach . . . .” (Emphasis added.) The further language repeated the denial of jurisdiction “over the case except” for specified matters which were truly exceptions to the original wording of art. 2088. The original wording caused no hesitancy in an appellate court’s considering an original application for authority to proceed in forma pauperis, Malveaux v. Buller, La.App. 3 Cir. 1961, 135 So.2d 368 (just as appellate courts had done prior to the 1960 Code of Civil Procedure, Buckley v. Thibodaux, 1935, 181 La. 416, 159 So. 603). (Perhaps it was arguable that, even as to those matters excepted from the denial of the trial court’s jurisdiction, the appellate court could have exercised concurrent jurisdiction under the original art. 2088’s general rule.)
The 1964 amendment, however, intended to reduce the “too broadly stated” general rule; 1964 Comment (c) to art. 2088. But Creel v. Creel, La.App. 4 Cir. 1967, 201 So.2d 871, 872, citing Malveaux without referring to the subsequent amendment, recited that under art. 2088 “the jurisdiction of the trial court over the matter now before us was divested . . . .” Creel granted an original forma pauperis application. Most recently, Kliebert v. Kliebert, La.App. 4 Cir. 1976, 334 So.2d 778, citing Creel without referring to the amendment, held that “under C.C.P. art. 2088 the trial court was divested of all jurisdiction . except for certain incidental proceedings and orders specifically enumerated.” Because “forma pauperis is not one of the orders authorized under the exceptions listed,” Kliebert reasoned that the trial court’s forma pauperis order was “invalid” and dismissed the appeal for failure to timely pay transcript and filing fees.
The rule now before us does not request authority to proceed in forma pauperis. The rule requests a reduction in the $750 cash appeal bond already posted, in order to withdraw $550 cash to pay towards the $652.50 transcript cost. This matter might, in theory, be within “objections to the . sufficiency of the appeal bond,” art. 2088(5), despite subd. (5)’s reference to art. 5123 (which requires citing “the party furnishing the bond ... to show cause why the bond should not be decreed insufficient . . . ”). On this theory the trial court would have jurisdiction under subd. (5)’s ’exception.
However, reduction of bond to $200 prior to payment of the $652.50 transcript fee seems at least technically objectionable. A resourceful judge would doubtless find some solution to a problem like appellant’s —perhaps, for example, by ordering the clerk to apply part of the deposit to part of the transcript fee. But would the trial court have jurisdiction for such an order, or any other responsive order not assimilable to “sufficiency” of the bond?
Our answer is that the question of whether an appellant who has posted the appeal bond should be granted some relief, and in what form, from the pre-payment of costs of appeal is not a matter “reviewable under the appeal” within C.C.P. 2088. The jurisdiction of the trial court over that matter therefore is not divested, and that of the appellate court does not attach, upon the filing of the appeal bond.
Creel and Kliebert, perhaps misled by the re-arrangement and continued presence of the “exceptions” to the no-longer-general general rule of art. 2088, erred in overlooking the 1964 amendment to the general rule of art. 2088. Insofar as they would prevent a trial judge from acting in an appealed case on any matter not reviewable under the appeal and granting any proper relief (including forma pauperis authority if entitlement is established), Creel v. Creel and Kliebert v. Kliebert are now overruled.[1]
*950 Since jurisdiction within art. 2088 remains with the trial court, we have no original jurisdiction to consider appellant’s rule. We have only supervisory jurisdiction to decide whether the trial court correctly grants or refuses relief.
Dismissed.

. Under this court’s internal rule for overruling, this opinion has been submitted to the entire court, which (with Lemmon, J., concurring with written reasons; Gulotta, J., dissenting for *950 the reasons assigned by Stoulig, J.; Stoulig, J., dissenting with written reasons; and Morial, J., dissenting) has authorized this opinion to be handed down overruling Kliebert and Creel. Any application for rehearing will, under our internal rule, be considered en banc.