SCHOTT, Judge.
This is before us on a motion by Campbell “66” Express, Inc. to be relieved of appeal costs.
The judgment of the District Court dismissed plaintiff’s suit against mover on the main demand and dismissed mover’s third party demands as moot.
Plaintiff filed a timely application for rehearing, but mover did not. Near the deadline for mover’s taking a devolutive appeal, it filed a petition for a devolutive appeal specifically reciting that the appeal was being taken as a protective measure to guard against the contingency of plaintiff taking an appeal and securing a reversal on appeal of the judgment of the trial court dismissing his demand against mover.
Pursuant to Act 708 of 1976, LSA-C.C.P. Art. 2126, the clerk of the district court gave notice to mover that its estimated appeal costs were $10, which mover paid.
Thereafter, plaintiff took a devolutive appeal from the judgment against him and the clerk on March 1, 1977, gave notice to plaintiff pursuant to Act 708 of 1976 that estimated appeal costs of $260 were due. On March 10, 1977, however, the clerk sent amended notices to plaintiff and mover advising that they were each to pay estimated costs of $130, thereby splitting the estimated costs previously billed to plaintiff.
We decline to entertain the motion in this court, not because we think that it has no merit but because we have resolved that the district court has jurisdiction over the issue involved.
In Acosta v. Masters, 336 So.2d 948 (La.App.4th Cir. 1976) we considered whether this court or the district court had jurisdiction over a rule filed by the appellant to obtain relief from transcript cost relative to his appeal. We held that under C.C.P. Art. 2088, which divests the trial court of jurisdiction “over all matters in the case reviewable under the appeal,’’ the district court retained jurisdiction over that rule because the question was not one reviewable under the appeal. The same rationale dictates that this question of relief by mover from what it considers to be an excessive estimate of appeal costs, pursuant to Act 708 of 1976, is likewise a matter not reviewable under the appeal, so that the district court has original jurisdiction over this motion. We accordingly transfer this motion to the district court.
*1068 The district court has already granted an extension of the 20-day time limit provided by Art. 2126 for the payment of the costs by mover, and the article specifically limits the trial court to one such extension. In order to protect mover’s right, we exercise our supervisory jurisdiction and order suspension of the 20-day time limit pending action by the trial court on this motion which we hereby transfer.
MOTION TRANSFERRED TO DISTRICT COURT, TIME LIMIT FOR PAYMENT OF COSTS SUSPENDED.