SCHOTT, Judge.
This is before us on an application for writs of certiorari, prohibition and review by Campbell “66” Express, Inc., hereinafter referred to as relator, with respect to a judgment of the district court ordering relator to pay one-half of the costs due the clerk of the district court in connection with relator’s appeal. The chronological summary of the proceedings follows:
November 10, 1976, pursuant to a verdict of the jury plaintiff’s suit against relator and a co-defendant was dismissed and a third party demand of relator against several third party defendants was likewise dismissed as moot.
November 16, 1976, application for new trial by plaintiff scheduled for trial on December 3, 1976.
January 17,1977, relator filed petition for devolutive appeal from the judgment of November 10, dismissing its third party demands against third party defendants “as a protective measure, since the delays for de-volutive appeal will expire prior to the time original plaintiff may be required to appeal within the delays set forth by the law.”
January 27, 1977, clerk mailed notice of estimated appeal costs to attorney for relator pursuant to Act 708 of 1976, requiring costs of $10 to be paid, apparently to cover costs after judgment in event plaintiff did not appeal and relator dismissed the “protective” appeal.
January 28, 1977, aforesaid statement paid by relator.
February 9, 1977, plaintiff filed devolu-tive appeal, the application for new trial having been denied.
February 15, 1977, notice of estimated appeal costs sent by clerk to attorney for plaintiff, showing total estimated costs of $260 due.
*223 February 18, 1977, amended notice of estimated appeal costs by clerk to attorney for relator, showing $130 estimated costs due.
February 18, 1977, similar amended notice of estimated appeal costs to attorney for plaintiff, showing $130 of estimated costs due.
Relator filed a motion to be relieved of these appeal costs in this court, which motion on March 20, 1977, was transferred to the district court for adjudication. See Alombro v. Campbell “66” Exp. Inc., 344 So.2d 1066 (La.App. 4th Cir. 1977).
After hearing argument and taking evidence on the matter, the trial court ordered that relator pay one-half of the costs as aforesaid, whereupon relator replied to this court for supervisory relief.
Relator was justified in taking the appeal in view of the decision reached in Mire v. Fidelity & Cas. Co. of New York, 338 So.2d 351 (La.App. 3rd Cir. 1976) which held that in the event a third party plaintiff fails to take an appeal under circumstances identical to those in which relator found itself, the dismissal of its third party demand would be considered res judicata irrespective of the result in the appellate court on the main demand.
C.C.P. Art. 2082 defines an appeal as the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside or reversed by an appellate court. Since relator won its case in the trial court, its taking an appeal seems to contradict the definition of an appeal since relator is surely not interested in or desirous of having the judgment of the trial court in any way disturbed. Nevertheless, relator was required to take an appeal to protect itself against the situation which occurred in the Mire case.[1] Under these circumstances it seems unjust to require that relator bear the ordinary burden of the costs of the appeal in which relator has only a contingent interest. Relator’s appeal was taken with full reservation and understanding that it would be dismissed in the event that plaintiff took no appeal. At all times plaintiff was regarded as the true appellant, and any expenses incurred in the preparation of a record will be for plaintiff’s benefit and not for the benefit of relator as third party plaintiff.
Consequently, we grant certiorari, reverse the judgment of the trial court dated April 26, 1977, and relieve Campbell “66” Express, Inc. of the obligation of paying estimated costs of appeal in excess of $10. In the event that plaintiff wishes to pursue his appeal he is to pay all estimated costs, exclusive of such $10.
CERTIORARI GRANTED, REVERSED.

. This does not mean that we approve of the holding in the Mire case.