PER CURIAM.
This suit for damages ex delicto was filed by a father in his own interest and also for and on behalf of his minor son on March 25, 1958. The trial judge on July 13, 1962, signed an order permitting plaintiff to continue the prosecution of the litigation in forma pauperis. The record is now before us on plaintiff’s devolutive appeal from an adverse judgment on the merits.
Mason, one of the appellees, has moved this court to .remand the matter to the district cottrt in order to allow him to file a rule to traverse the affidavits of poverty and the order permitting plaintiff to prosecute the case in forma pauperis.
In support of the motion, Mason cites Oldham v. Hoover, La.App., 140 So.2d 417, wherein the court said that where a devolu-tive appeal is taken in forma pauperis without allowing the appellee sufficient time in which to traverse the affidavits of poverty, the appellate court may, upon timely application therefor, remand the cause to give the appellee the opportunity to do so.
Oldham v. Hoover, supra, would not be authority for warranting a remand of the instant case.
Defendant-appellee Mason had from July 13, 1962, on which date the order was rendered authorizing plaintiff to prosecute the suit without prior payment of costs, up to April 4, 1963, the date on which the order of appeal was granted (a period of nine months) to traverse plaintiff’s right to litigate as a pauper, but failed to avail himself of the opportunity.
Mover avers that it was not until certain evidence was adduced on the trial of the merits in the lower court on February 5 and 7, 1963, that. he learned appellant’s financial condition was inconsistent with the allegations contained in his affidavits of poverty and that the motion before us for a remand of the case is timely. We do not think so. Even if Mason had no inkling before February 7, 1963, that plaintiff did *239 not come within the terms and intent of LSA-C.C.P. art 5181, he still had from that date to April 4, 1963 (about sixty days) to traverse plaintiff’s affidavits; therefore, we do not feel there is justification for granting an order to remand at this late date.
The facts which are the basis for the issuance of an order permitting the prosecution of a suit in forma pauperis are taken as true until the court has an, opportunity to reexamine them upon the trial of a rule to traverse. The affidavits of poverty must be deemed true in the absence of such a rule. Singleton v. First Nat. Life Ins. Co., La.App., 157 So. 620; Oldham v. Hoover, supra; Antley v. Wilson, La.App., 152 So.2d 860.
The motion is denied.
Motion denied.