SAVOY, Judge.
The defendants-appellees have filed a motion to remand the instant case to the district court. On March 10, 1971, an order granting an appeal in forma pauperis in favor of the plaintiff-appellant, was signed in the cause of Dorothy P. Cahee, et al vs. Associated Indemnity Corp., et al, arising out of the 15th Judicial District Court, Docket No. 45033, Lafayette Parish, Louisiana. The plaintiffs-appellants’ original petition had been filed on October 16, 1969, and was not filed in forma pauperis.
The defendants-appellees seek to have the instant case remanded to the district court for the purpose of traversing the affidavits of poverty attached to the above-mentioned petition for a devolutive appeal in forma pauperis.
On March 24, 1971, we considered the motion to remand and ordered that the plaintiff-appellant show cause on April 5, 1971, why this case should not be remanded for trial of the rule to traverse the plaintiffs-appellants’ affidavits of poverty. No appearance has been made in opposition to the rule.
The proper method of opposing the motion to proceed in forma pauperis is by a contradictory traversal of the affidavits of poverty supplied in support of the motion. LSA-C.C.P. Article 5184.
It is well settled that once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for such purpose. Babineaux v. Southeastern Drilling Corporation, 166 So.2d 742 (La.App. 3 Cir. 1964). See also: Brewer v. Thoele, 186 La. 168, 171 So. 839 (1937); Buckley v. Thibodaux, 181 La. 416, 159 So. 603 (1935); Malveaux v. Buller, 131 So.2d 571 (La.App. 3 Cir. 1961).
For these reasons, the case is remanded to the district court in order that the appellees may traverse the affidavits on which the appellants were permitted to proceed in forma pauperis.
Remanded.