251 So.2d 196 (1971)
LAKE CHARLES TILE AND CARPET COMPANY, Plaintiff-Appellee,
v.
Joe FOSTER, Defendant-Appellant.
No. 3587.
Court of Appeal of Louisiana, Third Circuit.
August 5, 1971.
Cecil R. Sanner, S. W. La. Legal Aid Society, Lake Charles, for defendant-appellant.
Stockwell, St. Dizier, Sievert & Viccellio by Charles D. Viccellio, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.

MOTION TO REMAND
CULPEPPER, Judge.
A motion to remand the instant case has been filed by the plaintiff-appellee, Lake Charles Tile and Carpet Company. Appellee seeks to have the instant appeal remanded for the purpose of traversing the affidavits of poverty filed by the defendant-appellant, Joe Foster.
Judgment was rendered in this matter against the defendant-appellant, December 3, 1970. On December 9, 1970, the defendant-appellant moved for leave to proceed in forma pauperis as to the prosecution of an appeal from the decision rendered at the trial level. On that same day, an order was signed ex parte permitting the defendant-appellant to file and proceed with an application for appeal without the payment of costs in advance or as they accrue, and without giving bond for costs in accordance with the provisions of LSA-C.C.P. Article 5181 et seq. Additionally, an order was signed on December 9, 1970, granting the defendant-appellant a devolutive appeal without the necessity of furnishing bond.
The mover now seeks to have the appeal remanded for the sole and only purpose of allowing the appellee the opportunity to traverse the affidavits of poverty. As we stated in Cahee v. Associated Indemnity Corp., 247 So.2d 279, 280 (La.App.3rd Cir., 1971):
"It is well settled that once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for such purpose. Babineaux v. Southeastern Drilling Corporation, 166 So.2d 742 (La.App. 3 Cir. 1964). See also: Brewer *197 v. Thoele, 186 La. 168, 171 So. 839 (1937); Buckley v. Thibodaux, 181 La. 416, 159 So. 603 (1935); Malveaux v. Buller, 131 So.2d 571 (La.App. 3 Cir. 1961)."
For the reason expressed in the abovecited cases, it is clear that the mover is entitled to have the instant appeal remanded for the purpose of traversing the affidavits of poverty.
For the above-stated reasons, the instant case is remanded to the District Court for the purpose of allowing the plaintiff-appellee to traverse the affidavits of poverty filed by the defendant-appellant. Costs of these proceedings in this court to be paid by defendant-appellant, Joe Foster. All other costs to await the final disposition of the case.
Remanded.