256 So.2d 363 (1971)
AFFILIATED FOODS, INC., et al., Plaintiffs-Appellees,
v.
Ramona Lavergne BLANCHARD, for and on Behalf of her minor child, Chad Joseph Blanchard, Defendant-Appellant.
No. 3777.
Court of Appeal of Louisiana, Third Circuit.
December 30, 1971.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, III, Lafayette, for defendant-appellant.
Ronald E. Dauterive and J. Minos Simon, Lafayette, for plaintiffs-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Affiliated Foods, Inc., and Fireman's Insurance Company of Newark, New Jersey, filed a motion to remand this suit to enable them to traverse the affidavits of poverty filed by defendant-appellant. The matter is before us now solely on that motion to remand.
Judgment was rendered by the trial court in November, 1971. Shortly after that judgment was rendered defendant, Ramona Lavergne Blanchard, on behalf of her minor child, Chad Joseph Blanchard, filed a motion to proceed in forma pauperis, and she attached affidavits of poverty to that motion. Pursuant to her demands, an order was signed by the trial court on November 18, authorizing that defendant to proceed without the prepayment of costs and without the giving of security therefor. At or about the time that order was signed, the defendant applied for and was granted "a suspensive and/or in the alternative devolutive appeal," and the order of appeal decrees that "said appellant is dispensed with the necessity of furnishing a bond."
Plaintiffs-appellees then filed in this court the motion to remand which is before us now, alleging that they are entitled to have the case remanded to enable them to traverse the appellant's right to proceed in forma pauperis.
The established rule is that once an appeal is granted in forma pauperis the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for that purpose. Lake Charles Tile and Carpet Company v. Foster, 251 So.2d 196 (La. App. 3 Cir. 1971); Cahee v. Associated Indemnity Corporation, 247 So.2d 279 (La. App. 3 Cir. 1971); and Babineaux v. Southeastern Drilling Corporation, 166 So. 2d 742 (La.App. 3 Cir. 1964).
The application to remand was timely filed here, and the appellees thus are entitled to the relief which they seek.
*364 For the reasons herein set out, the case is remanded to the district court for the purpose of allowing plaintiffs-appellees to traverse the affidavits of poverty, on the basis of which appellant was permitted to proceed in forma pauperis.
Remanded.