DOMENGEAUX, Judge.
Plaintiffs-Appellees filed separate suits against Defendant-Appellant for money judgments, which suits were consolidated for trial in the District Court resulting in judgments against Defendant. Appellees have filed a motion in this court to remand these suits to enable them to traverse the affidavits of poverty filed by Appellant. The matter is before us now solely on that motion to remand.
Upon application, an order was signed by the District Court on February 25, 1972, granting Appellant a devolutive appeal in forma pauperis.
Appellees then filed in this court the motion to remand which is before us now, alleging that Defendant is presently employed as a teacher by the Iberia Parish School Board, as a consequence of which he is financially able to pay the costs of a devolu-tive appeal or to give bond therefor. They attach to their motion a certified copy of an answer filed by the School Board in response to garnishment interrogatories to the effect that Appellant is employed by it as a teacher and is paid a salary of $733.33 per month on a twelve-month basis.
The established rule is that once an appeal is granted in forma pauperis the proper remedy to traverse the affidavits of poverty is to make timely application to the appellate court to remand the case for that purpose. Lake Charles Tile and Carpet Company v. Foster, 251 So.2d 196 (La.App. 3 Cir.1971); Cahee v. Associated Indemnity Corporation, 247 So.2d 279 (La.App. 3 Cir. 1971); Babineaux v. Southeastern Drilling Corporation, 166 So.2d 742 (La.App. 3 Cir. 1964); Affiliated Foods, Inc. v. Blanchard, 256 So.2d 363 (La.App. 3 Cir. 1971).
The application to remand has been timely filed in this court and the Appellees therefore are entitled to the relief which they seek.
For the above and foregoing reasons these cases are remanded to the District Court for the purpose of allowing Appellees to traverse the affidavits of poverty on the basis of which Appellant was permitted to proceed in forma pauperis.
Remanded.