ON MOTION TO REMAND
CULPEPPER, Judge.
Hardware Mutual Insurance Company and David J. Russo, defendants-appellees, filed a motion to remand this suit to the district court to enable them to traverse the plaintiff-appellant’s right to prosecute this appeal in forma pauperis.
The record of his case has not as yet been lodged with this court. Defendants-appellees’ motion to remand recites that on September 21, 1972, an ex parte order was entered granting plaintiff a devolutive appeal in forma pauperis. The defendants-appellees also aver that plaintiff-appellant’s original petition was not filed in forma pauperis, and that the plaintiff did not file the proper affidavits, as required, to support the order to proceed in forma pauper-is.
The proper method of opposing a motion to proceed in forma pauperis is by contradictory traversal of the affidavits of poverty supplied in support of the motion or to traverse the right of the applicant to exercise the privilege. LSA-C.C.P. Art. 5184. Cahee v. Associated Indemnity Corp., 247 So.2d 279 (La.App. 3rd Cir., 1971).
Once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty or the applicant’s right to exercise the privilege is to timely apply to the appellate court to remand the case for that purpose. Affiliated Foods, Inc. v. Blanchard, 256 So.2d 363 (La.App. 3rd Cir., 1971); Lake Charles Tile & Carpet Company v. Foster, 251 So.2d 196 (La.App. 3rd Cir., 1971). This application was timely made.
The case is remanded to the trial court to allow defendants-appellees to traverse the right of the plaintiff-appellant to proceed in forma pauperis, and for the trial court to rule on that issue.
Remanded.