SAVOY, Judge.
Sandra Ann Meaux Martin, plaintiff-ap-pellee, filed a motion to remand this suit to the district court to enable her to traverse the defendant-appellant’s right to prosecute this appeal in forma pauperis.
The record of this case has not as yet been lodged with this court.
On December 11, 1972, an ex parte order was entered granting the defendant-appellant a devolutive appeal from a judgment rendered December 1, 1972. This order further authorized the defendant-appellant to prosecute his appeal in forma pauperis. Plaintiff-appellee seeks to remand this case to the trial court to traverse the affidavits of poverty attached to the defendant-appellant’s petition for appeal.
The proper method of opposing a motion to proceed in forma pauperis is by contradictory traversal of the affidavits of poverty supplied in support of the motion or to traverse the right of the applicant to exercise the privilege. LSA-C.C.P. Art. 5184. Cahee v. Associated Indemnity Corp., 247 So.2d 279 (La.App. 3rd Cir., 1971).
Once an appeal is granted in forma pauperis, the proper remedy to traverse the affidavits of poverty or the applicant’s right to exercise the privilege is to timely apply to the appellate court to remand the case for that purpose. Affiliat *796 ed Foods, Inc. v. Blanchard, 256 So.2d 363 (La.App. 3rd Cir., 1971); Lake Charles Tile & Carpet Company v. Foster, 251 So. 2d 196 (La.App. 3rd Cir., 1971). This application was timely made.
The case is remanded to the trial court to allow plaintiff-appellee to traverse the right of the defendant-appellant to proceed in forma pauperis, and for the trial court to rule on that issue.
Remanded.