ON MOTION TO REMAND

MILLER, Judge.
Defendants relators Liberty Mutual Insurance Company, et al, seek a remand to enable them to traverse the district court’s 1973 order allowing plaintiff respondent John L. Ardoiri to proceed in forma pau-peris. The motion is denied.
Ardoin alleged that defendants Leman Swint, W. R. Harper, Clifford Richard, and Peter Taylor were executive officers of Texas Gas Transmission Corporation and as such were liable for Ardoin’s injuries. These named defendants were insured by defendant Liberty Mutual.
The forma pauperis order was signed when suit was filed in the summer of 1973. On February 24, 1975 the case was tried and a formal judgment in favor of defendants was signed March 12, 1975. On April 3, 1975 plaintiff was granted his oral motion for the appeal. Since plaintiff was proceeding as a pauper, his appeal was granted without requiring him to furnish bond. LSA-C.C.P. art. 5185. Defendants filed the’ Motion to Remand on June 27, 1975. The record has not yet been lodged ’with this court.
Relators cite Peters v. Ocean Protein, Inc., 266 So.2d 566 (La.App. 3 Cir. 1972); Liggett v. Hardware Mutual Insurance Company, 268 So.2d 681 (La.App. 3 Cir. 1972); Affiliated Foods, Inc. v. Blanchard, 256 So.2d 363 (La.App. 3 Cir. 1971); and Petitjean v. Arceneaux, 266 So.2d 565 (La.App. 3 Cir. 1972), contending they are entitled to a remand in order to traverse the affidavits of poverty. These cases are distinguished in that those forma pauperis orders were granted when the appeal was perfected. The order in the instant case was granted when suit was filed — some twenty-three months before the appeal was perfected.
Applicable here is our recent decision in Guillory v. Nicklos Oil and Gas Company, 315 So.2d 914 (La.App. 3 Cir. 1975.) We refused to remand to enable defendants to traverse plaintiff’s right to proceed in for-ma pauperis, because defendants had adequate opportunity to traverse during the eighteen months the case was before the trial court. See also Darby v. Travelers, 272 So.2d 798 (La.App. 3 Cir. 1973); Ross v. Hatchette, 247 So.2d 399 (La.App. 3 Cir. 1971); McKellar v. Mason, 154 So.2d 237 (La.App. 4 Cir. 1965). Here, defendants waited twenty-three months before attempting to traverse plaintiff’s right to proceed in forma pauperis.
Having had adequate opportunity to traverse plaintiff both before and during trial, we are not disposed to delay the appeal by remanding for a hearing on this issue. The fact that he has been allowed to proceed as a pauper does not mean that he will not be required to pay all costs which are taxed against him.
Motion denied.