# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-13


RODNEY BRACK, ET AL.

VERSUS

MICHAEL A. FERRINGTON, ET AL.


************


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, NO. 2003-140,
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


************


JIMMIE C. PETERS
JUDGE


************


Court composed of Jimmie C. Peters, Billy H. Ezell, and J. David Painter, Judges.


REMANDED.


Nahum D. Laventhal
Attorney at Law
3421 N. Causeway Blvd., #800
Metairie, LA 70002
(504) 837-9107
COUNSEL FOR DEFENDANTS/APPELLEES:
    Michael A. Ferrington
    Wisner Minnow Hatchery, Inc.
    Nationwide Agribusiness Insurance Company

**Brian Steele Lestage**
**Hall, Lestage**
**Post Office Box 880**
**DeRidder, LA 70634**
**(337) 463-8692**
**COUNSEL FOR DEFENDANT/APPELLEE:**
　　**American Interstate Insurance Company**

**John Ezell Jackson**
**Attorney at Law**
**Post Office Box 1239**
**Lake Charles, LA 70602**
**(337) 433-8866**
**COUNSEL FOR PLAINTIFFS/APPELLANTS**
　　**Rodney Brack**
　　**Shannon Brack**

**PETERS, J.**

The defendants Michael A. Ferrington, Wisner Minnow Hatchery, Inc., and National Agribusiness Insurance Company, have filed a motion to remand this matter to the trial court to allow the trial court to revisit its ruling granting pauper status to plaintiffs, Rodney Brack (who appeared in the litigation to exert his individual claim, and as the administrator of the estate of his minor children, Zack, Garrett, and Savannah Brack) and Shannon Brack. For the following reasons, we grant the motion to remand.

### DISCUSSION OF THE RECORD

A trial on the merits resulted in a money judgment against the defendants and in favor of the plaintiffs. Thereafter, the plaintiffs timely sought and obtained a devolutive appeal from that judgment. The trial court signed an order granting the appeal on October 8, 2004. In their January 4, 2005 motion to remand, the defendants assert that in October of 2004 they paid the trial court judgment in full. In doing so, they paid the plaintiffs $422,256.87. The plaintiffs do not dispute that they received substantial sums in satisfaction of the judgment. The defendants assert that, given the money now available to the plaintiffs for the payment of accrued cost of court, the plaintiffs are no longer entitled to pursue this litigation *in forma pauperis*.

### OPINION

Once the trial court signs an order for a devolutive appeal, it loses jurisdiction to entertain a motion to traverse the pauper status of a party. La.Code Civ.P. art. 2088. Therefore, the defendants' appropriate remedy is to seek a remand of this appeal by this court to the trial court for a hearing on a motion to traverse.

While acknowledging the receipt of substantial sums of money, the plaintiffs

assert that the motion to remand should be denied as being untimely. In support of their position, the plaintiffs direct us to *McKellar v. Mason*, 154 So.2d 237 (La.App. 4 Cir. 1963), and argue that had the defendants paid the judgment during the suspensive appeal delays, they would have had ample opportunity to file the motion to traverse the pauper status prior to the plaintiffs' filing of their motion for appeal.

We do not disagree with the decision in *McKellar*, but find it distinguishable from the instant case. In *McKellar*, the plaintiff had been granted pauper status at the beginning of the litigation and at the trial nine months later, the defendant discovered evidence suggesting that his financial status was different from that which he had asserted in his affidavit of poverty. Rather than immediately act on that newly discovered evidence, the defendant waited until after the plaintiff obtained a devolutive appeal and then sought a remand. The fourth circuit found this delay fatal to the request for a remand.

The matter before us is not one in which the plaintiffs are alleged to have initially been improperly granted pauper status. Rather, it is one wherein the plaintiffs' financial status changed as a result of the payment of a judgment. In *Theriot v. Castle*, 335 So.2d 43 (La.App. 3 Cir. 1976), this court granted a motion to remand filed by the defendant who paid the judgment after an appeal was granted. In doing so, this court stated that, "(i)n view of the recent change in the plaintiff's financial condition, we believe that defendant is entitled to an opportunity to traverse the right of the plaintiff to proceed with her appeal in forma pauperis." *Id.* at 44.

In considering the application of the holding in *Theriot* to the instant case, we take cognizance of the fact that *Theriot* is silent concerning the delay between the granting of the appeal and the filing of the motion for remand. In the instant case, the

2

trial court granted the order of appeal October 8, 2004, and yet the defendants did not file their motion to remand in this court until January 4, 2005. However, in *Simon v. Calvert*, 284 So.2d 656 (La.App. 3 Cir. 1973), an order permitting the appellant to proceed *in forma pauperis* was signed by the trial court on March 12, 1973, but the appellee did not attempt to traverse the pauper status until October 17, 1973. This court rejected the appellant's argument that the motion to remand was not filed timely even though the motion was not filed until two days following the lodging of the appellate record in this court. Thus, in the instant case, where the motion to remand was filed within three months of the granting of the order of appeal and prior to the lodging of the record, we find that the defendants' motion is timely filed.

## DISPOSITION

For the foregoing reasons, we remand this matter to the trial court for a hearing on the plaintiffs' pauper status.

**REMANDED.**