# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCM 07-1082 AND WCA 07-1152

JOSEPH H. FONTENOT, JR.
VERSUS
WAL-MART

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
WORKERS' COMPENSATION COURT, DISTRICT 4
PARISH OF LAFAYETTE, NO.04-07245
HONORABLE ELIZABETH ANNE WARREN,
WORKER'S COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**REMANDED.**

**James Steven Gates**
**Morrow, Gates & Morrow, L.L.C.**
**630 S. Main Street**
**Post Office Drawer 219**
**Opelousas, Louisiana 70571-0219**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
　　**Joseph H. Fontenot, Jr.**

**Charles Martin Kreamer, Sr.**
**Allen & Gooch**
**A Law Corporation**
**1015 St. John Street**
**Post Office Box 3768**
**Lafayette, Louisiana 70502-3768**
**(337) 291-1390**
**COUNSEL FOR DEFENDANT/APPELLEE:**
　　**Wal-Mart**

PETERS, Judge.

The Appellee, Wal-Mart, moves to have this case remanded to the trial court so that Appellee may have a chance to traverse the right of Appellant, Joseph H. Fontenot, Jr., to proceed in *forma pauperis*. For the reasons given below, we grant the motion to remand.

This case involves a worker's compensation claim in which judgment was rendered on January 24, 2007. Appellant filed a motion for new trial which was denied by the trial court on April 17, 2007. On June 22, 2007, the trial court granted Appellant's motion to file a devolutive appeal, and on July 6, 2007, the trial court granted Appellant's motion to proceed with his appeal in *forma pauperis*.

Appellee asserts that because Appellant did not file his pauper application until he took his appeal, Appellee did not get an opportunity to traverse Appellant's right to proceed in *forma pauperis*. Appellee also asserts that Appellant is not entitled to proceed with his appeal in *forma pauperis* because Appellant has substantial assets and because Appellant's monthly income exceeds his monthly expenses. Therefore, Appellee seeks to have this court remand this case to the Worker's Compensation Court, District 4, so that Appellee can traverse Appellant's right to proceed in *forma pauperis*.

This court has held:

> Once the trial court signs an order for a devolutive appeal, it loses jurisdiction to entertain a motion to traverse the pauper status of a party. La.Code Civ.P. art. 2088. Therefore, the defendant's appropriate remedy is to seek a remand of this appeal by this court to the trial court for a hearing on a motion to traverse.

*Brack v. Ferrington*, 05-13 (La.App. 3 Cir. 2/16/05), 895 So.2d 617, 618.

Accordingly, in the instant case, when the worker's compensation court granted Appellant's motion for devolutive appeal on June 22, 2007, it lost jurisdiction to entertain a motion to traverse Appellant's pauper status. Because Appellant did not proceed in *forma pauperis* in the trial court proceedings, this is not a situation in which Appellee had ample opportunity to traverse the Appellant's pauper status before the appeal order was granted. *See McKellar v. Mason*, 154 So.2d 237 (La.App. 4 Cir. 1963). As such, we find that Appellee should be granted an opportunity to have its motion to

traverse heard. Therefore, we remand this matter to the Worker's Compensation Court, District 4, for a hearing on Appellee's motion to traverse Appellant's right to proceed in *forma pauperis*.

**REMANDED.**

2