# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**11-135**

**WILLARD HARP, ET AL.**
**VERSUS**
**PENNY DARRYL PENNEY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,616
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**MOTION FOR STAY DENIED.**
**MOTION TO REMAND DENIED.**

**Kenneth Alfred Doggett**
**Attorney at Law**
**Post Office Box 13498**
**Alexandria, LA 71315-3498**
**(318) 487-4251**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Penny Darryl Penny**

**Susan Ford Fiser**
**Attorney at Law**
**Post Office Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Willard A. Harp**
**Lisa Harp**

**E. Grey Burnes Talley**
**Burnes , Burnes & Talley**
**Post Office Box 650**
**Alexandria, La 71309-0650**
**(318) 442-5231**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christopher Harp**

PICKETT, Judge.

The plaintiffs-appellees, Willard A. Harp and Lisa Harp, move this court for the issuance of a stay of these proceedings and for an order remanding the appeal in this case to permit the plaintiffs to proceed with a traversal of the pauper status granted to the defendant-appellant, Penny Darryl Penney. Finding that the traversal of pauper status was not timely sought, we deny the requested relief.

The instant litigation involves a custody dispute between the parties. By order of the trial court dated October 1, 2008, the defendant was granted permission to proceed in this action in *forma pauperis*. Following the signing of a judgment in the case, the defendant filed a motion for appeal on August 30, 2010, and the trial court signed the order of appeal the following day. On February 2, 2011, the plaintiffs filed the instant motions in this court seeking a remand of this case for the purpose of traversing the defendant's pauper status and requesting a stay of all proceedings.

The plaintiffs assert several reasons to justify review of the defendant's pauper status. The plaintiffs contend that, although the defendant was unemployed at the time of the initial pauper order, the defendant has not offered any explanation as to why she cannot be gainfully employed at the current time. Moreover, the plaintiffs aver that after the initial pauper order, the defendant married Daniel Hinton. As to this latter point, the plaintiffs have provided this court with pertinent portions of the trial transcript from the hearing on January 26, 2010, wherein Hinton testified that he was financially capable of providing for the defendant and her child. Furthermore, the plaintiffs cite this court to the fact that Hinton testified that his wife has held several jobs. Relying on these facts, the plaintiffs ask that they be afforded the opportunity to traverse the defendant's pauper status in the trial court.

In *Ardoin v. Swint*, 315 So.2d 839 (La.App. 3 Cir. 1975), this court denied a

1

motion to remand an appeal for the purpose of traversing the appellant's pauper status as untimely filed. This court noted that, unlike cases where the pauper order was signed at the same time that the order of appeal was signed, in *Ardoin* the pauper order had been signed when the suit was filed in the summer of 1973. Trial was held in that case on February 24, 1975; judgment was signed on March 12, 1975; and the oral motion for appeal had been granted by the trial court on April 3, 1975. The motion to remand the appeal for the purpose of traversing the pauper status was not filed until June 27, 1975.

This court held that the attempt to traverse the pauper status was untimely filed, having not been attempted while the case was pending for twenty-three months before the trial court. This court stated:

> Having had adequate opportunity to traverse plaintiff both before and during trial, we are not disposed to delay the appeal by remanding for a hearing on this issue. The fact that he has been allowed to proceed as a pauper does not mean that he will not be required to pay all costs which are taxed against him.

*Ardoin*, 315 So.2d at 840.

Likewise, in the instant case, the defendant was granted pauper status in October of 2008. The plaintiffs rely, in large part, on the testimony of the defendant's husband from the trial testimony adduced on January 26, 2010. This testimony reveals that the defendant married Hinton in September of 2009. Despite this testimony having been given in open court in the presence of plaintiffs' counsel on January 26, 2010, the plaintiffs did not file their motion to traverse the defendant's pauper status while the matter was pending before the trial court. Moreover, according to the plaintiffs' own statements in the pleading *sub judice*, trial did not conclude trial until March 18, 2010. Furthermore, the defendant did not file her motion for appeal until August 30, 2010. Given the length of time that the plaintiffs

2

had knowledge of these facts while this case was still pending in the trial court and the lack of explanation by the plaintiffs as to why they did not file their traversal during this time period, we refuse to delay this appeal by remanding it for a traversal that could have been pursued before this appeal was taken, and we deny the plaintiffs' motion to stay these proceedings and their motion to remand this appeal at plaintiffs' cost.

**MOTION FOR STAY DENIED.**
**MOTION TO REMAND DENIED.**