NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-0560

IN THE MATTER OF THE SUCCESSION OF
BOOKER T. WASHINGTON, SR. AND
HELEN JONES WASHINGTON

* * * * * * * *

THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 0000011170, DIVISION B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

* * * * * * * *

JIMMIE C. PETERS
JUDGE

* * * * * * * *

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Arthur R. Thomas
Attorney at Law
3313 Government Street
Baton Rouge, LA 70806
(225) 802-4199
COUNSEL FOR PLAINTIFF/APPELLEE:
    Larry Washington, Individually and as
    Administrator

Willie Washington-Williams, *Pro Se*
547 West 103rd Street
Los Angeles, CA 90044
(323) 418-1207
    Appellee

**Reddex Washington,** *Pro Se*
**1608 Audubon Drive**
**Alexandria, LA 71301**
**(318) 613-3492**
     **Appellee**

**Sharon Washington-Lewis,** *Pro Se*
**6271 Mark LeBleu Road**
**Lake Charles, LA 70615**
**(337) 430-4571**
     **Appellee**

**Patricia Washington-Thomas,** *Pro Se*
**1923 10th Street**
**Lake Charles, LA 70601**
**(337) 439-6409**
     **Appellee**

**Geraldine Washington-Williams,** *Pro Se*
**10885 Dixon Drive South**
**Seattle, WA 98178**
**(206) 772-4754**
     **Appellee**

**Nathaniel Riley, Jr.,** *Pro Se*
**5322 Cortelyou Lane**
**Houston, TX 77028**
     **Appellee**

**Samuel Washington,** *Pro Se*
**2217 Tulip Street**
**Lake Charles, LA 70601**
**(337) 764-3023**
     **Appellee**

**Gwendolyn Riley,** *Pro Se*
**547 West 103rd Street**
**Los Angeles, CA 90044**
**(310) 988-9574**
**(323) 418-1207**
     **Appellant**

**Glenda Washington-Chereme,** *Pro Se*
**1765 Haywood Street, Apt. 3**
**Simi Valley, CA 93065**
**(760) 567-6203**
     **Appellant**

PETERS, J.,

This appeal arises from an attempt by the court-appointed administrator of the estates of Booker T. Washington, Sr. and Helen Jones Washington to obtain permission to sell immovable property belonging to the deceased couple's estates. The trial court granted the administrator the relief he requested, and two of the descendants of the deceased couple appeal that judgment. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The complete appellate record in this matter is voluminous and raises numerous issues not pertinent to resolution of the single issue now before us. In rendering the decision herein, we will only consider those pleadings that address the private sale issue. However, nothing in this opinion should be read to suggest that the other issues do or do not have merit.

This litigation has as its origin an October 21, 2008 application by Larry W. Washington to be appointed as administrator of the estates of Booker T. Washington, Sr. and Helen Jones Washington. The record reflects that Booker T. Washington, Sr. died on July 16, 1998, and Helen Jones Washington died on February 16, 1999. They were married to each other and their marriage produced six children: Clarence Washington; Lillie Ruth Washington Riley; Booker T. Washington, Jr.; Willie Mae Washington Williams; Larry W. Washington; and Geraldine Washington Williams.

Clarence Washington died on November 17, 1995, or before his parents. He had no biological children, and one unresolved question is whether he adopted anyone. One side in the litigation asserts that Clarence Washington adopted

Reddex Washington, and the other side rejects this assertion.[1]  Lillie Ruth Washington also predeceased her parents, having died on August 19, 1987.  Two children survived her:  Nathaniel Riley, Jr. and Gwendolyn Denise Riley.  Booker T. Washington, Jr. survived his parents but died before the succession proceedings now before us were filed.  He died on March 19, 2004, and was survived by four children:  Glenda Faye Washington-Chereme; Samuel G. Washington; Sharon Lynn Washington-Lewis; and Patricia Ann Washington-Thomas.

Based on the application and supporting documents filed, the trial court appointed Larry Washington the administrator of his parents' estates by order executed on October 22, 2008.  Included in the detailed descriptive list filed by Larry Washington was a description of two tracts of immovable property belonging to the estates of the deceased parties.  One tract was described as being located in Evangeline Parish, and the other in Rapides Parish, with the combined acreage of the two tracts being 18.9 acres.[2]

By a pleading filed March 30, 2009, the administrator sought authority to sell the immovable to himself and his wife for the sum of $33,900.00.  The trial court set the matter for hearing on September 22, 2009, and denied a motion for continuance filed by the remaining heirs.  On September 22, 2009, the trial court granted the administrator the authority to sell the immovable property.  The trial court signed a judgment to this effect on September 28, 2009.[3]

---

[1]The assertion in the pleadings is that Reddex Washington was Clarence Washington's "*defacto adopted son*."  However, it is not necessary to determine whether there exists an adoptive heir of Clarence Washington to resolve the issue now before us.

[2]The detailed descriptive list does not provide the combined acreage, but later pleadings establish this fact.  The family home was described as being located on the Evangeline Parish property.

[3]The trial court judgment excluded from the sale all oil, gas, and other mineral rights associated with both tracts of immovable property.

The remaining heirs sought supervisory writs to this court and, in an unpublished decision dated March 16, 2010, this court reversed the trial court grant of authority to sell the immovable property. *In the Matter of the Succession of Booker T. Washington, Sr. and Helen Jones Washington*, 09-1372 (La.App. 3 Cir. 3/16/10). In reversing the trial court order, this court found that two heirs, Nathaniel Riley, Jr. and Gwendolyn Riley, were not properly served prior to the hearing.

> In light of these defects, we find that the trial court erred when it proceeded with the hearing and denied Relators' motion for a continuance. Since notice of the hearing was not received by all heirs prior to the hearing on the rule to show cause, we find that the trial court lacked authority to approve the sale of the succession property. Therefore, we reverse the trial court's ruling authorizing the sale of the succession property and order that the rule to show cause hearing be refixed for a time and date as to which all interested parties shall be given adequate legal notice.

*Id.*

In compliance with this opinion, the trial court reset the show cause hearing for October 27, 2010. On that day, counsel for the administrator presented evidence to the trial court establishing that all of the named heirs, as well as Reddex Washington, were served with notice of the hearing either through domiciliary service, service by the long arm statute (La.R.S. 13:3471), or through the attorney appointed to represent the absentee heirs by the authority of La.Code Civ.P. art. 1235. The administrator's counsel presented evidence in support of his request for a private sale of the estate property, and the trial court entered judgment granting the relief requested, but with certain restrictions. Specifically, the trial court authorized the private sale of the property to Larry W. Washington and Mary Theresa Green Washington for the sum of $33,900.00, but "by Quitclaim Deed in an '*AS IS*' condition, *without warranty*, and subject to such reservation and rights which exist or may exist individually and/or jointly by the children, grandchildren

3

and other legal heirs of said Booker T. Washington and Helen Jones Washington, of any and all oil, gas and/or other minerals and royalty rights whatsoever" under the immovable property at issue. The judgment also provided that the transfer deed would be executed on or before February 1, 2011, that the cost of any curative work would be the responsibility of the purchasers, and that the proceeds of the sale would be deposited in a banking facility under the name of the estate pending further orders of the court.

In response to this judgment, Gwendolyn Denise Riley and Glenda Faye Washington-Chereme perfected the appeal now before us.[4] The remaining biological heirs and Reddex Washington answered the appeal. In their initial appellate brief, the appellants identified eight "**LEGAL ISSUES & LEGAL ERRORS**" upon which they base their claim for relief. In their answer to the appeal, the remaining heirs and Reddex Washington sought the same relief as did the two appellants. Thus, we will collectively refer to the original appellants and those who answered the appeal as "appellants."

The issues and errors raised in the various briefs, answers, and amended briefs are somewhat convoluted in content and some attempt to address issues not now before the court. For example, the fourth, fifth, and part of the seventh relate to how any proceeds might ultimately be distributed among the heirs and/or Reddex Washington. That issue has clearly been reserved for future proceedings by the trial court and is not properly before this court. Therefore, we will not consider that issue on appeal. The remaining issues raised relate primarily to the proof of title and/or the value of the property. To the extent that they apply to the matter now before us, we will consider each of these issues.

_____

[4]The record contains evidence of other procedural activities between the judgment and actual appeal, but these activities are not pertinent to the specific issues before us.

**OPINION**

Louisiana Code of Civil Procedure Article 3092 sets out the information that must be provided in an application to be appointed administrator. It does not require notice to any party other than one who has requested written notice pursuant to La.Code Civ.P. art. 3091. "If no such notice is required, and ten days have elapsed since the death of the deceased, the court may appoint the applicant as administrator forthwith, unless he is disqualified under Article 3097." La.Code Civ. P. art. 3094. In this case, Larry W. Washington's application complied with La.Code Civ.P. art. 3092, there was no request for notice pursuant to La.Code Civ.P. art. 3091, more than ten days had lapsed since the death of his parents, and he was not disqualified under La.Code Civ.P. art. 3097. Therefore, we find no error in the trial court's order appointing him administrator of the estates at issue by the trial court.

Louisiana Code of Civil Procedure 3281 authorizes the administrator to sell succession property at private sale after providing proper notice and after publication as required by La.Code Civ.P. art. 3282. Only "an heir, legatee, or creditor" may file an opposition to the private sale. La.Code Civ.P. art. 3283. While the record contains many references to the fact that the appellants object to the private sale, no appellant filed a formal opposition. Still, the trial court treated these objections as formal opposition and allowed almost four months between the execution of the order setting the hearing on the administrator's request (June 30, 2010) and the hearing itself (October 27, 2010).

In one of the issues they raise appellants suggest that the trial court lacked jurisdiction to render its judgment authorizing the private sale of the property because none of the heirs resided in Evangeline Parish. While the appellants couch their argument in terms of jurisdiction, nothing in the appellants' argument suggest

that a Louisiana trial court did not have the "legal power and authority" to render judgment in this controversy. *See* La.Code Civ.P. art. 6. We conclude that the actual argument addresses venue. Considering it to be an exception of venue, and even assuming it to be timely filed, we find no merit in the appellants' argument. Louisiana Code of Civil Procedure Article 2811 provides that a succession proceeding "shall be brought in the district court of the parish where the deceased was domiciled at the time of his death." It is not disputed that both Booker T. Washington, Sr. and Helen Jones Washington were domiciled in Evangeline Parish at the time of their deaths.[5] Therefore, Evangeline Parish was the parish of proper venue and the trial court had jurisdiction to hear this matter.

One of the problems in evaluating the remaining asserted legal issues and legal errors is that the appellants seem to equate the *filing* of documents into the record with the *introduction* of evidence. When reading the entire record, one cannot help but have his or her attention drawn to an overwhelming array of correspondence, briefs, documents, and other arguments, all of which purport to assert all sorts of issues concerning the validity of the proceedings and the propriety of Larry W. Washington's actions both past and present.[6] However, no representative of any of the appellants appeared at the October 27, 2010 hearing, and, therefore, nothing was introduced as evidence to challenge the administrator's evidence. While future pleadings and hearings may address all of these assertions, the trial court's October 27, 2010 ruling properly addressed the only issue before it – that of the administrator's request to sell the immovable property at private sale –

---

[5]The appellants also seem to argue that because neither Booker T. Washington, Sr. nor Helen Jones Washington died in St. Landry Parish, these facts defeat the trial court's right to hear the matter in St. Landry Parish. For the same reasons as set forth above, this argument lacks merit.

[6]Much of this correspondence, briefs, documents and other arguments can be found at numerous points in the record before us as the appellants filed them multiple times, thereby incurring unnecessary court costs.

and in addressing that issue, the trial court could only consider the evidence presented at the hearing on that date.

Much of the argument in the remaining issues raised by the appellants relate to a 1996 Act of Donation that is referred to often in the trial record, but of which there exists no evidence for the trial court to consider. Their interpretation of that Act of Donation is that it divested Booker T. Washington, Sr. and Helen Jones Washington of any ownership in the immovable property at issue and, therefore, any transfer of the property to Larry W. Washington would be "null and void." Even if this argument ultimately proves in the future to have some validity, the fact that the sale is without warranty and in the form of a quitclaim deed makes the effect of this transaction harmless. The same applies to the appellants' prescription arguments.

One of the appellants' other complaints is that the trial court erred in not recognizing that a conflict existed between Larry W. Washington as an administrator and Larry W. Washington as an individual attempting to enter into a transaction with the administrator. Louisiana Code of Civil Procedure Article 3191 provides that an administrator is a "fiduciary with respect to the succession, and shall have the duty of collecting, preserving and managing the property of the succession in accordance with law." Additionally, La.Code Civ.P. art. 3194 provides that generally "[a] succession representative cannot in his personal capacity or as representative of any other person make any contracts with the succession of which he is a representative." However, La.Code Civ.P. art. 3195 provides exceptions to this general rule, and one of those exceptions is the situation where the administrator is "[a]n heir or legatee of the deceased." La.Code Civ.P. art. 3195(4). Thus, we find no merit in the appellants' argument on this issue.

7

Based on the *evidentiary* record before it, we find no error in the trial court's grant of authority to the administrator to sell the succession property, subject to the limitations on the form of the transfer document and the reservation of the oil, gas, and mineral rights to all parties.

The appellants have also filed motions with this court. Rather than attempt to address these motions before hearing the appeal, this court referred these motions to the merits of the appeal for disposition. The purpose of this referral was to dispose of all properly pending issues at one time.

One of the motions filed by the appellants sought to join Willie Washington-Williams, Geraldine Washington-Williams, Reddex Washington, Nathaniel Riley, Jr., Sharon Washington-Lewis, Samuel Washington, and Patricia Washington-Thomas as parties to the appeal. This motion was rendered moot when on August 5, 2011, these seven individuals filed briefs in answer to the appellants' appeal.

The appellants also filed a motion seeking a remand to the trial court so that the record might be completed, as well as a motion to correct and supplement the record on appeal. We deny these motions because the matters alleged to be inaccurate or missing are not relevant to the narrow ground on which we consider the appeal now before us. An additional motion seeks to supplement certain exhibits attached to the appellants' original brief. We deny this motion because those documents which are the subject of the supplementation request are already in the record before us.

Finally, several of the appellants filed a motion for leave of this court to file a motion to strike Larry W. Washington's brief as well as a motion for sanctions. The basis of these motions was that his brief was sent only to Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, and not to the other parties listed above. We deny these motions because, although the remaining parties' positions

8

in this litigation seem to be identical with those of Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, these latter two individuals were the only parties who appealed from the trial court judgment.

## DISPOSITION

For the foregoing reasons, we deny the motions filed in this court by the appellants, and affirm the trial court judgment in all respects. We assess all costs of this appeal to Reddex Washington, Nathaniel Riley, Jr., Gwendolyn Denise Riley, Glenda Faye Washington-Chereme, Samuel G. Washington, Sharon Lynn Washington-Lewis, Patricia Ann Washington-Thomas, Willie Mae Washington Williams, and Geraldine Washington Williams.[7]

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[7] The fact that some of these parties have been allowed to proceed as paupers does not mean that they will not be required to pay all costs which are taxed against them. *Harp v. Penney*, 11-135 (La.App 3 Cir. 2/16/11), 57 So.3d 601.