NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 12-89


PATRICIA REDD WARNER

VERSUS

RAPIDES REGIONAL MEDICAL CENTER



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,707
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.



REMANDED.


Randall M. Seeser
Joseph P. Landreneau
Gold, Weems, Bruser, Sues
Post Office Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLEE:
      Rapides Healthcare System, L.L.C.

**Patricia Redd Warner**
**2307 Overton Street**
**Alexandria, Louisiana 71301**
**(318) 542-8654**
        **IN PROPER PERSON**

**GREMILLION, Judge.**

The Appellee, Rapides Healthcare System, L.L.C. d/b/a Rapides Regional Medical Center, moves to have this case remanded to the trial court so that Appellee may have a chance to traverse the right of Appellant, Patricia Redd Warner, to proceed in *forma pauperis*. For the reasons given below, we grant the motion to remand.

On January 31, 2011, the trial court signed an order allowing Plaintiff to proceed with a lawsuit against Appellee in *forma pauperis*. By judgment signed on December 12, 2011, the trial court granted a motion for summary judgment and dismissed Appellant's claims against Appellee. On December 22, 2011, the trial court granted Appellant's motion to file a devolutive appeal.

Appellee contends that, on the same day that the trial court signed the order of appeal for the instant case, the trial court also signed a money judgment in a separate lawsuit bearing the caption "Patricia Redd Warner versus Shelter Mutual Insurance Co., et al." Appellee points out that that money judgment awarded Patricia Redd Warner, who is the Appellant in the instant lawsuit, $25,000.000 in general damages and $1,520.73 in special damages. Thus, Appellee asserts that Appellant experienced a significant change in her financial status as a result of the money judgment awarded on December 22, 2011. Therefore, Appellee seeks to have this court remand this case to the trial court so that Appellee can traverse Appellant's right to proceed in *forma pauperis*.

This court has held:

> Once the trial court signs an order for a devolutive appeal, it loses jurisdiction to entertain a motion to traverse the pauper status of a party. La.Code Civ.P. art. 2088. Therefore, the defendant's appropriate remedy is to seek a remand of this appeal by this court to the trial court for a hearing on a motion to traverse.

*Brack v. Ferrington*, 05-13, p. 1 (La.App. 3 Cir. 2/16/05), 895 So.2d 617, 618.

3

Accordingly, in the instant case, when the trial court granted Appellant's motion for devolutive appeal on December 22, 2011, it lost jurisdiction to entertain a motion to traverse Appellant's pauper status. Because Appellant's financial circumstances did not change until the day on which the order of appeal was signed, this is not a situation in which Appellee had ample opportunity to traverse the Appellant's pauper status before the appeal order was granted. *See McKellar v. Mason*, 154 So.2d 237 (La.App. 4 Cir. 1963). As such, we find that Appellee should be granted an opportunity to have its motion to traverse heard. Therefore, we remand this matter to the trial court for a hearing on Appellee's motion to traverse Appellant's right to proceed in *forma pauperis*.

**REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
     Rule 2-16.3 Uniform Rules, Court of Appeal.