NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-1050

SHANNON JAMES SUAREZ

VERSUS

JOHN DEROSIER, INDIVIDUALLY AND IN HIS CAPACITY AS THE
CALCASIEU PARISH DISTRICT ATTORNEY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-3872
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy H. Ezell, Judges.

MOTION TO REMAND GRANTED.

Glen Richard Petersen
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, LA 70816
(225) 298-8118
COUNSEL FOR DEFENDANTS/APPELLEES:
    John DeRosier, individually and in his capacity as Calcasieu Parish
    District Attorney
    Bill Pousson

**Christian Drew Chesson**
**Joseph Manuel**
**Attorneys at Law**
**One Lakeshore Plaza, Suite 1800**
**Lake Charles, LA 70629**
**(337) 436-5297**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Shannon James Suarez**

**AMY, Judge.**

Defendants-Appellees, John Derosier, individually and in his capacity as the Calcasieu Parish District Attorney, and Bill Pousson, move to remand the instant appeal for the purpose of permitting Defendants to traverse the pauper status granted to Plaintiff-Appellant, Shannon James Suarez. For the reasons given below, we grant the motion to remand.

The trial court granted summary judgment in favor of Defendants, dismissing Plaintiff's petition, on July 19, 2016. Following notice of judgment being sent, Plaintiff timely filed a motion for appeal on August 15, 2016. The trial court signed the order granting the appeal on August 22, 2016. According to Defendants' filing in this court, a notice of costs was mailed to Plaintiff by the district court's clerk of court's office on August 25, 2016.

The record on appeal reflects that a forma pauperis affidavit was filed in the trial court on October 5, 2016. The Honorable Robert L. Wyatt, a judge in the district court, signed an order granting pauper status; the order bears no date of its signing. On November 10, 2016, Plaintiff filed a Motion and Order to Amend Pauper Order. In this motion, Plaintiff averred that Judge Wyatt had signed his order granting pauper status on October 5, 2016. However, the motion stated that an amendment of this pauper order was being sought for the purpose of specifying that the pauper status was being granted for purposes of the appeal. This order was signed by a different judge of the district court on November 10, 2016.

The record in this appeal was lodged in this court on December 22, 2016. On January 3, 2017, Defendants filed the Motion to Remand asking that this court order a remand of this appeal in order to permit the trial court to hear Defendants'

motion to traverse Plaintiff's pauper status. Plaintiff has filed a memorandum opposing this remand.

Once the trial court signs an order granting an appeal, La.Code Civ.P. art. 2088 provides that the trial court retains jurisdiction over only limited matters; a determination of pauper status and traversal of previously granted pauper status are not among those matters listed. Thus, the jurisprudence is replete with instances where the appellate courts of this state have ordered a remand of appeals for the purpose of permitting appellees, who were not afforded the opportunity to oppose an appellant's obtaining of pauper status in the district court, the opportunity to traverse same. *See, e.g., Fontenot v. Wal-Mart*, 07-1082, 07-1152 (La.App. 3 Cir. 10/3/07), 971 So.2d 1114. The appellant in *Fontenot* had been granted pauper status after the order of appeal had been signed. On motion of the appellee, this court remanded the appeal in that case for the purpose of allowing the trial court to hear the appellee's motion to traverse the appellant's pauper status.

Plaintiff's opposition memorandum asks that this court not remand this appeal in the interest of justice.[1] However, an order signed by a trial court which lacks jurisdiction is void. La.Code Civ.P. art. 3. *See Boudreaux v. State, DOTD*, 01-1329 (La. 2/26/02), 815 So.2d 7. As discussed above, the jurisprudence recognizes the unfairness imposed upon an appellee when not afforded the opportunity to oppose the granting of an appellant's pauper status by the district court.

---

[1] Plaintiff sets forth various assertions in the opposition memorandum submitted to this court to explain why the request for pauper status was submitted to the trial court after the order of appeal had been signed. These assertions are beyond the record and, as such, cannot be considered by this court. *See Shiver v. Lafayette City-Parish Consol. Gov't*, 14-760 (La.App. 3 Cir. 12/10/14), 154 So.3d 789.

Additionally, we note that in this case, Defendants suggest in their motion that "this Court should take this opportunity to clarify whether the District Court here (a) had the authority to sign an order deeming the Plaintiff a pauper *after* an order of appeal has been signed, and (b) if so, why it does not continue to have the authority to entertain a motion to traverse that same pauper status." Since this court is granting a remand of this appeal for the purpose of permitting the Defendants to traverse the Plaintiff's pauper status, we find that any jurisdictional defect in the order granting the pauper status can be remedied on remand. Therefore, we pretermit a discussion on the issue of whether the trial court retains jurisdiction to grant pauper status after the order of appeal has been signed.

**MOTION TO REMAND GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.